# COOLIDGE & McCLAINE *v.* HENEKY AND FORWARD.

*N. B. Knight* and *John Kelsay* for appellants.

*Tilmon Ford* and *Shaw & Burnett* for respondents.

By the Court, WALDO, J.:

Counsel for both parties argued this case on the view that the doctrine of constructive notice was to govern the court in determining the question of fraudulent intent on the part of the grantees, Coolidge & McClaine. Counsel apparently had not seen the recent cases of *Stearns* v. *Gage*, 79 N. Y., 102, and *Parker* v. *Conner* 93 N. Y., 118, where the doctrine is held on the statute, of which ours is a copy, that where a valuable consideration had been paid, actual notice on the part of the grantee of the grantor's fraudulent intent is necessary, to avoid the conveyances to creditors and others, under which term, "others," Heneky is included.

These cases hold that, in such case, constructive notice is not sufficient; that actual notice is necessary to make the grantee a party to the fraud. Actual notice need not be established by direct proof. The fact of notice, or knowledge, may be inferred from circumstances. Under this view

of the law, the question to be determined is, did the grantee, in fact, know or believe that the grantor intended to defraud his creditors? On the sound principle, and particularly on the wording of the statute, the doctrine of these cases ought to be followed.

The finding of the court as to the intent of Smith in making the conveyance, ought not to be disturbed. The judgment once obtained against him, however unjustly, the same rule must govern as though Heneky's claim was founded on the highest consideration. The course of the law in its subsequent steps fall alike on the just and the unjust.

The findings of the court, however, as to the liability of the respondents, cannot be altogether sustained. For Mc-Claine there is no escape; for he had actual notice that Smith intended to put his property beyond the reach of Heneky on execution, if Dolan's testimony is to be taken as to the conversation with McClaine under the stairs. That McClaine himself does not in effect deny the fact of this conversation, but impliedly admits it, is beyond a doubt. No other legitimate interpretation can be put on his answers when questioned as to the conversation related by Dolan. His belief, subsequently, at the time the deed was delivered, that the suit would be compromised, will not relieve him, as the case of *Avery* v. *Johann*, 27 Wis., 246, 250, shows.

As to Coolidge, the case is different. If A. has a cause of suit against B., and B. goes to C. and offers to sell him the whole of his real estate, the fact that C. knows of the existence of the cause of suit against B., or of the pendency of an action against him, and that the effect of such trans-action may be to enable B. to defeat the satisfaction of any judgment A. may recover against B., will not, of itself, make C. a party to B.'s fraud, if such there be, under any

view of the law. In this case, however, there are facts in evidence, probably calculated, under the doctrine of constructive notice, to put Coolidge on inquiry. But proof of actual knowledge is wanting, or of facts from which actual knowledge may certainly be inferred. Hence he cannot be made liable. This is the conclusion on this part of the case that seems most reasonably to follow from this view of the law as applied to the facts in proof.

The decree will, therefore, be affirmed so far as the same affects Coolidge, and reversed as to McClane, and it is accordingly so ordered.