[Filed March 28, 1886.]

## GEO. W. PHILBRICK ET AL., RESPONDENTS, *v.* THOMAS J. O'CONNOR, APPELLANT.

FRAUDULENT. TRANSFER — LIS PENDENS — KNOWLEDGE OF GRANTEE — NOTICE. — Notice of the fraudulent intent of the grantor may be fixed on the grantee by the circumstances of the transaction, questioning *Coolidge* v. *Heneky*, 11 Or. 327.

FACTS IMPUTING FRAUD. — The grantor shot a man, and action was commenced against him for damages. Pending the action, he transferred the property to T. J. O'Conner for a consideration of one third of its actual value. The grantor boarded in the family of grantee; the shooting by grantor and the pendency of the action were widely known, and were talked of in the family of grantee, and grantee was without any means or regular employment. *Held*, that these circumstances were badges of fraud, and the deed fraudulent under sections 3059, 3060, 3061, 3062, of Hill's Code. A deed only constructively fraudulent may be allowed to stand as security for money advanced.

APPEAL from Multnomah County. Affirmed.

The facts appear in the opinion of the court.

*Jos. Gaston,* and *Tanner & Carey,* for Respondents.

1. *Indicia of fraud.* O'Connor was a man of no financial ability to purchase. (*Glen* v. *Glen,* 17 Iowa, 498.; *Seymore* v. *Lewis,* 13 N. J. Eq. 457.)

2. The price was inadequate. (*Seymore* v. *Delaney,* 6 Johns. Ch. 222; Bump's Fraudulent Conveyances, p. 43; *Kemper* v. *Churchill,* 8 Wall. 362.)

3. The consideration was fictitious. (*Bank* v. *O'Rouke,* 40 N. J. Eq..98.)

4. The grantor remained in possession. (*Bank* v. *Fink,* 7 Paige Ch. 94; *Jackson* v. *Mather,* 7 Cowen, 301; *Hildreth* v. *Sands,* 2 Johns. Ch. 35.)

5. The transaction was conducted out of the usual course of business, which raises a presumption of fraud. (Bump's Fraudulent Conveyances, p. 52, and notes.)

6. The omission of the grantee to produce the debtor and other important witnesses is ground for an unfavorable presumption. (Bump's Fraudulent Conveyances, 52, and cases cited; *Bowden* v. *Johnson*, 107 U. S. 262; *Glen* v. *Glen*, 17 Iowa, 498.)

7. Evidence arising from surrounding circumstances may be stronger than the testimony of any single witness. (*Clark's Ex'r* v. *Van Ramsdyk*, 9 Cranch, 153; *Bowden* v. *Johnson*, 107 U. S. 262; *Callan* v. *Statham*, 23 How. 477.)

8. Notice may be inferred from surrounding circumstances. Knowledge of facts sufficient to put a prudent man upon inquiry, or the means of knowing by the use of ordinary diligence, amounts to notice. (Bump's Fraudulent Conveyances, 200, and note 1; *Jackson* v. *Mather*, 7 Cowen, 301; *Hoosier* v. *Hunt*, 65 Wis. 71; 2 Pomeroy's Equity Jurisprudence, § 579; *Tantum* v. *Green*, 21 N. J. Eq. 364; *Sayre* v. *Fredricks*, 16 N. J. Eq. 205; *Hopkins* v. *Langton*, 30 Wis. 382; *Holliday's Case*, 27 Fed. Rep. 809; Wait's Fraudulent Conveyances, §§ 224, 373, 382; Pomeroy's Equity Jurisprudence, § 600; *Billings* v. *Russell*, 101 N. Y. 226; *Rogers* v. *Evans*, 56 Am. Dec. 537; Bump's Fraudulent Conveyances, p. 53; *Godfrey* v. *Germaine*, 24 Wis. 416; *Vandall* v. *Vandall*, 13 Iowa, 247; *Callan* v. *Statham*, 23 How. 477; *Purkett* v. *Pollack*, 17 Cal. 327–332; *Hildreth* v. *Sands*, 2 Johns. Ch. 35; *Glen* v. *Glen*, 17 Iowa, 498.)

*R. & E. B. Williams*, and *R. C. Dement*, for Appellant.

1st. Actual notice of the fraudulent intent of the grantor must be established. (§§ 54, 55, Gen. Laws Code, 523; *Coolidge* v. *Heneky*, 11 Or. 327; *Parker* v. *Connor*, 93 N. Y. 118; *Starin* v. *Kelley*, 88 N. Y. 418; *Bonser* v. *Miller*, 5 Or. 110, 111; *Crawford* v. *Beard*, 12 Or. 453, 454; 124 Mass. 120; 2 Pomeroy's Equity Jurisprudence, § 970; 50 Cal. 132, 140.)

2d. The extent of the grantor's indebtedness is immaterial. (2 Pomeroy's Equity Jurisprudence, § 972.)

3d.   The burden is on those alleging fraud to prove it.   (*Kruse* v. *Prindle*, 8 Or. 162; *Field* v. *Goslin*, 12 Iowa, 218; *Evans* v. *Rugee*, 57 Wis. 623, 625.)

4th.   An honest intent is to be imputed to the transaction. (75 Ill. 143, 147; 25 Iowa, 218; 27 N. W. Rep. 779.)

5th.   The intent to defraud must exist both on the part of the grantee and of the grantor.   (20 Ill. 449–462; 24 N. W. Rep. 609.)

6th.   The difference between the market price and the value is immaterial, unless so gross as to create the impression of bad faith.   (Bump's Fraudulent Conveyances, 45; *Wadhams* v. *Humphrey*, 22 Ill. 661; *Rort* v. *Cook*, 81 Ill. 260; *Jamison* v. *King*, 50 Cal. 132; *Hunt* v. *Hoover*, 34 Iowa, 81; *Jaeger* v. *Kelley*, 52 N. Y. 274; *Day* v. *Cole*, 44 Iowa, 452.)

7th.   Grantee must have actual notice; reasonable cause to know is not sufficient.   (*Carrol* v. *Hayward*, 124 Mass. 120; *Parker* v. *Connor*, 93 N. Y. 118.)

8th.   Intent must be shown.   (2 Pomeroy's Equity Jurisprudence, §§ 970, 971; *Starin* v. *Kelley*, 88 N. Y. 418; *Brown* v. *Foree*, 7 Mon. B. 357; 46 Am. Dec. 519.)

9th.   Insolvency of grantor nor mere inadequacy of price not sufficient to establish fraud.   (*Kinder* v. *Macy*, 7 Cal. 206; 2 Pomeroy's Equity Jurisprudence, 972; *Jaeger* v. *Kelley*, 52 N. Y. 274.)

10th.   Deed constructively fraudulent may be permitted to stand as security.   (*Crawford* v. *Beard*, 12 Or. 447.)

STRAHAN, J.—The plaintiff recovered a judgment in the Circuit Court of Multnomah County against the defendant P. C. Smith for five thousand dollars, for the wilful and malicious shooting and wounding of the plaintiff by said Smith.   At the time of the commencement of said action Smith was the owner and in the possession of the property in controversy; but before judgment he conveyed the same to the appellant.   The plaintiff sued out execution on his judgment, which being returned *nullu bona*, he brings this suit to set aside the deed made by Smith to O'Connor, pending the original action, on the ground that the

XV. OR.—2.

same was fraudulent. O'Connor filed an answer in the court below denying the material allegations of the complaint; but upon the trial the court found against him on the question of fraud, but under the peculiar and particular facts of the case allowed the eighteen hundred dollars which he had given to Smith at the time the deed was made to be returned to him out of the first proceeds of the sale of the property, and decreed that the plaintiff be next paid the amount of his judgment from the proceeds of such sale, from which decree the defendant O'Connor has appealed to this court.

The plaintiff claims that the deed in question is void under section 51, page 523, General Laws of Oregon, which provides: " Every conveyance or assignment in writing, or otherwise, of any estate or interest in land or in goods, or things in action, or of any rents or profits issuing therefrom, and every charge upon lands, goods, or things in action, or upon the rents or profits thereof, made with the intent to hinder, delay, or defraud creditors or other persons of their lawful suits, damages, forfeitures, debts, and demands, and every bond or other evidence of debt given, suit commenced, decree or judgment suffered with the like intent as against the persons so hindered, delayed, or defrauded, shall be void." And sections 54 and 55 on the same page are as follows:—

"Section 54. The question of fraudulent intent in all cases arising under the provisions of title 2, 3, or 4 of this chapter shall be deemed questions of fact and not of law."

"Section 55. The provisions of titles 2, 3, and 4 of this chapter shall not be construed in any manner to affect or impair the title of a purchaser for a valuable consideration, unless it shall appear that such purchaser had previous notice of the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of such grantor."

The existence of an actual fraudulent intent on the part of Smith at the time the deed in question was made, and that it was made with the intent to hinder, delay, and defraud the plaintiff, stands admitted on this record by the defendant Smith. Though personally served with the summons and complaint, he

failed to file an answer, and was defaulted.    This default for the purposes of this suit admits the truth of every material allegation contained in the complaint as to the defendant Smith.

*Notice of fraudulent intent.*    The question, therefore, which we are called upon to consider, is whether or not the defendant O'Connor had "previous notice of the fraudulent intent," mentioned in section 55, *supra*, at the time of the execution of the deed, and as to whether he made said deed fraudulently or not.    On the subject of notice in such case this court said, in *Coolidge* v. *Heneky*, 11 Or. 327: "These cases hold that in such case constructive notice is not sufficient; that actual notice is necessary to make the grantor a party to the fraud. Actual notice need not be established by direct proof.    The fact of notice or knowledge may be inferred from circumstances."    I cannot give my unqualified assent to this doctrine, though it certainly has very high authority to support it; still the reason for the distinction which the court seems to have drawn between actual and constructive notice to my mind is not apparent.    The statute refers to notice.    The character or kind of notice is not mentioned.    It would seem that the word "notice," as used in this statute, then, would include whatever the law had fixed as notice.    But the consideration of this question is not necessary at this time.    The evidence shows that Smith had shot and seriously wounded the plaintiff in the city of Portland, where all of the parties resided at the time; that the plaintiff had brought an action against Smith for ten thousand dollars damages; that said action was then pending; that all of the facts were given extensive publicity through the various newspapers of the city; that they were talked over in the family of Mr. John O'Connor, with whom appellant boarded, and with him; that the appellant paid eighteen hundred dollars for the property, which was worth nearly three times that sum ; that the appellant was virtually without money or any regular employment, and that the money which he paid to Smith was raised on the credit of Mr. John O'Connor, appellant's father, and Mr. Malarkey.    Many of these circumstances are badges of fraud, and their tendency is to fix notice on the appellant of Smith's fraudulent purpose.

*Deed allowed to stand as security.* On the contrary, there are other facts and circumstances which tend to prove that appellant was unaccustomed to the ways and methods of business, and that he may have been used unconsciously by Smith in furtherance of Smith's fraudulent designs without really participating in the fraud further than must be implied by his receiving the property of Smith at a grossly inadequate price. This, itself, was a fact which ought to have awakened inquiry in his mind. He had no right to close his eyes or ears, and fail to notice those circumstances which pointed so directly to Smith's fraudulent designs. In any event he cannot be allowed to profit by his inattention to what any prudent business man must have noticed. Under the circumstances the finding of the court below will not be disturbed, for the reason suggested in *Crawford* v. *Beard*, 12 Or. 447. The decree of the court below is therefore affirmed.