Argued September 13, affirmed September 19, 1917.

## DEMPSEY *v.* BALL.*

(167 Pac. 508.)

**Fraudulent Conveyances—Pending Suit—Intent—Knowledge.**

1. In an action involving a mortgage executed pending a suit for damages, evidence *held* not to show that the mortgagee had knowledge or notice of a fraudulent intent of the mortgagor to defraud or delay collection of the possible damages.

**Fraudulent Conveyances—Evidence—Presumptions.**

2. Fraud against a mortgagor's creditors is not presumed, but must be shown by satisfactory evidence, which may be circumstantial.

[As to proof of fraud in fraudulent conveyances, see note in 11 Am. St. Rep. 757.]

**Evidence—Admissions—Mortgagee.**

3. Although default by mortgagor in a suit to foreclose is an admission on the part of the mortgagor of fraudulent intent to defraud or delay collection by a judgment creditor, it does not bind the mortgagee.

---

*For authorities discussing the question as to whether a mortgage for an actual contemporaneous loan may be set aside as fraudulent as against creditors, see note in 26 L. R. A. (N. S.) 1068.          REPORTER.

From Multnomah: HENRY E. McGINN, Judge.

This is a suit by D. J. Dempsey against R. L. Ball, Henrietta Ball, George C. Engelke and Henry Zorn in which the trial court made findings and entered a decree in favor of plaintiff, from which the defendant Zorn appealed.   Affirmed.

Department 2.   Statement by MR. CHIEF JUSTICE McBRIDE.

This was originally a suit by plaintiff to foreclose a mortgage given by the defendants Ball and wife and Engelke to plaintiff upon land in Multnomah County, of which defendant Zorn claims to be the owner by virtue of a sheriff's sale made subsequently to the execution of plaintiff's mortgage.   The defendants Ball and wife and Engelke made default, and Zorn answered by a general denial, and by way of affirmative defense and cross-complaint alleged that on June 25, 1914, he recovered a judgment against Engelke for $2,500 and costs; that on July 13, 1914, execution was issued upon said judgment and the land described in the complaint was sold upon said execution and purchased by Zorn for the sum of $300; that after the commencement of the action of Zorn against Engelke said Engelke, without consideration and for the purpose of hindering, delaying, and defrauding his creditors, and particularly Zorn, conveyed the property to defendants Ball and wife by a warranty deed, recorded December 12, 1913; that on April 20, 1914, the defendants Engelke and Ball and wife in anticipation of there being a judgment rendered in the action herein described and for the purpose of making plaintiff Dempsey a preferred creditor, and for the fraudulent purpose of hindering, delaying, and defrauding their creditors,

and for the express purpose of defeating any judgment which might be rendered in the action of *Zorn* v. *Engelke,* fraudulently executed the mortgages described in plaintiff's complaint; that Dempsey and Ball and wife all knew and had notice of the pendency of the said action and knew of the fraudulent intent of Engelke to defraud Zorn and his other creditors, and that the said mortgage was purely voluntary and made solely with such fraudulent intent. The matter in the cross-complaint having been put in issue by appropriate denials there was a trial and findings and decree for plaintiff, from which defendant Zorn appeals.

For appellant there was a brief with oral arguments by *Mr. Charles J. Schnabel* and *Mr. G. E. Hamaker.*

For respondent there was a brief over the name of *Messrs. Woerndle & Haas,* with an oral argument by *Mr. C. T. Haas.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

1, 2. A brief history of this case is as follows: On October 14, 1913, the defendant Zorn commenced an action against Engelke in the Circuit Court for Multnomah County to recover $20,000 damages for an alleged vicious assault made upon him, and at a date not disclosed in the record, but probably about contemporaneous with the civil action, Engelke was indicted for the same assault and required to furnish bail in the sum of $2,500. He applied to his brother-in-law Ball to become surety upon the undertaking of bail, but Ball objected for the reason that he did not have sufficient property exempt from execution to enable him to justify as a surety. To overcome this objection Engelke conveyed to Ball and wife the land in suit, and they became his sureties. The criminal case is still

untried and pending. On February 10, 1914, the civil action for damages was tried, and a verdict and judgment rendered against Engelke in the sum of $750. On March 28th this verdict and judgment were set aside and a new trial granted. On April 20th the mortgage in suit was executed. W. T. Hume, Esq., was attorney for Engelke up to the time the judgment was rendered, but thereafter he was discharged, and Woerndle & Haas, his present attorneys, were substituted. Engelke had given Hume a note for $500 for attorneys' fees, and previous to the execution of the note and mortgage in suit the assignee of this note was pressing for payment and threatening suit. Engelke represented to his attorneys that he needed money to pay this note and other indebtedness, and they applied to plaintiff, who had been a client of theirs in making other loans. It is conceded that they told him nothing and that he knew nothing of Engelke's difficulties or lawsuits, but that after investigation he consented to make the loan and authorized Woerndle & Haas to look up the title and prepare the papers, and when this was done gave them a check for $1,200, the amount of the note and mortgage. It is shown that they deducted from this amount their commission for procuring the loan and paid the balance over to Engelke. The property is said to have been worth something over $3,500, and Engelke had other property, one piece of which defendant bid in at sheriff's sale at $2,300. There is not sufficient evidence to warrant the court in finding that Woerndle & Haas had notice or knowledge that Engelke was borrowing this money and executing this mortgage for the purpose of defrauding his creditors or defeating any judgment that Zorn might recover against him. A verdict of $750 had previously been set aside, and it is natural to presume that Engelke would not have

asked that this be done except from a belief that another trial would result in a verdict against him for a smaller amount, or in his favor, and it is hardly conceivable that under the circumstances he would jeopardize his property or place a burden upon it unless he actually needed the money; and it is apparent that with the Hume note being pressed and a civil suit to be retried $1,200 was not an exorbitant sum for his immediate needs.  Fraud is not to be presumed, but must be proved by satisfactory evidence, and while that evidence may be circumstantial it should still be satisfactory; and such is not the case here.

3. It is urged that the fact that Engelke and Ball and his wife have made default is an admission by them that the loan was procured with the fraudulent intent claimed in the complaint.  As between Zorn and Engelke and Bell and wife this is technically true, but this admission does not bind the plaintiff or estop him from showing the real facts in the case.  It is not in the power of Engelke to get $1,200 of plaintiff's hard-earned money, give a mortgage for its repayment, and by failure to answer make the mortgaged premises do double duty by being applied to the payment of his debt to Zorn.  He cannot admit the plaintiff out of court or make evidence against him by failure to answer the complaint, and while the language used by Mr. Justice STRAHAN, in *Philbrick* v. *O'Connor*, 15 Or. 15 (13 Pac. 612, 3 Am. St. Rep. 139), is not so clear as it might be, it is quite certain that no such interpretation as counsel for defendant puts upon it was intended by the learned jurist who wrote that opinion.  There were many badges of fraud in that case that do not exist here, such as inadequacy of the price paid for the property, poverty of the alleged purchaser, and knowledge of the fact that a suit was pending; but in the face of all these

the court required the amount that the purchaser had paid for the property to be first paid to him and out of the proceeds of the sale of the property before giving the execution creditor any relief.

We are not convinced by the preponderance of the evidence that either the plaintiff or his attorneys knew or had notice of any fraudulent intent on the part of Engelke to defraud or delay Zorn in the collection of any possible damages he might recover. On the contrary we are of the opinion that they believed that the money was being borrowed for a legitimate purpose. That Engelke may have changed his attitude when, perhaps to his surprise, a second jury returned a verdict twice as large as that given by the first is not to be charged against plaintiff, who in good faith parted with his money.

The decree is affirmed.                    AFFIRMED.

Mr. JUSTICE MOORE, MR. JUSTICE McCAMANT, and MR. JUSTICE HARRIS concur; MR. JUSTICE BEAN taking no part in the consideration of this case.