[No. 2,946.]

## JOHN S. CLELAND *v.* HENRY THORNTON AND J. WILLIAMS.

DAMAGES FOR BUILDINGS BURNED THROUGH NEGLIGENCE OF ANOTHER. In an action to recover the value of buildings destroyed by fire through the negligence of another, evidence as to the cost of new buildings to replace those destroyed, is admissible, as furnishing some data for an approximate estimate of the value of the old buildings.

IDEM—CHARACTER OF TIMBER. — In an action to recover the value of standing timber which has been destroyed by fire, evidence as to the character of the timber is admissible.

DAMAGES BY FIRE THROUGH NEGLIGENCE OF ANOTHER.—Where a party makes a fire for a necessary purpose, upon or near the grounds of another, but negligently leaves it, with combustible material about it, and the fire spreads and destroys adjacent property, the party building the fire is liable for the damages done by the fire.

APPEAL from the District Court of the Ninth Judicial District, Siskiyou County.

This was an action for damages. The complaint alleges that the defendants, while driving a herd of sheep through the country, encamped near the plaintiff's premises, and carelessly, negligently, and willfully permitted fires kindled

by them to get out and spread over the adjoining country, thereby destroying a hay shed and corral, a blacksmith shop and tools, a dwelling house, household furniture, lumber, and other property belonging to the plaintiff; and also destroyed a forest of timber upon plaintiff's land, suitable for lumber, and adjoining a sawmill owned by him, thereby depriving the mill of logs, and making it comparatively valueless. The case was tried by the Court, without a jury. At the trial, evidence was admitted against the defendants' objections, to the effect that the probable cost of new buildings, to replace the ones that were burned, would be about two thousand six hundred dollars; and testimony that the timber destroyed was suitable for lumber was admitted also, against objections by the defendants. It was shown by the testimony, that the defendants had lighted a fire between the barn and the house, which was less than two hundred yards distant; that there was enough dry brush and material between the fire and the house, and in other directions, to convey the fire to the property burned; and that the defendants had gone away and left the fire burning. The Court rendered judgment for the plaintiff in the sum of one thousand seven hundred and fifty dollars. The defendants moved for a new trial, and the motion being denied, they appealed.

*J. H. Budd* and *C. Edgerton*, for Appellants.

*L. N. Ketcham*, for Respondent.

By the Court, CROCKETT, J.:

There was no error in the ruling of the Court admitting the evidence as to the cost of new buildings to replace those which were burned. The evidence was admissible as furnishing some data by which the Court would be enabled to estimate approximately the value of the old buildings; and it is evident from the opinion and order of the Court, that it

was received and considered for this purpose only, and not as affording a criterion of damages. The evidence as to the character of the timber for milling purposes in that immediate neighborhood was also admissible under the pleadings, when it was offered. But, whether strictly admissible or not, it is apparent from the findings, and from the opinion and order of the Court denying a new trial, that it did the defendants no harm. Nor can we disturb the judgment on the ground that the findings were not justified by the evidence, which was quite sufficient to warrant the conclusion that the damage to the plaintiff's property was caused by the negligence of the defendants, as charged in the complaint.

Judgment affirmed.