424            SUPREME COURT            [Nov. Term,

[Hilliker-Krebs B. & M. Co. v. Birmingham R'y & Electric Co.]

# Hilliker-Krebs Building & M'f'g Co. *v.* Birmingham Railway & Electric Company.

### *Action for Negligent Killing of Stock.*

1. *Duty of engineer as to ringing bell and blowing whistle.*—The failure of the engineer or other person having control of the running of a locomotive on a railroad to comply with the requirements of Code, § 1147, is not in every case an actionable wrong, but only when the injury results from such failure.

2. *Case at bar.*—A judgment was properly rendered for the defendant by the court trying both the law and the facts, where the railroad company's engineer and fireman testified that on the night of the accident a mist on the headlight obscured the glass; that they saw the mules as soon as it was possible to discover them, and immediately reversed the engine, but the collision occurred before they could apply the brakes; that the train was running on a down grade. at the rate of 10 miles per hour, that smoke from a coke oven obscured the track; and two passengers testified that the train was running 20 miles per hour; that the rain had ceased; that, if the engine had been reversed, they would have felt a sensation, and that they felt no sensation until the collision; and it being manifest from the evidence that a failure to blow the whistle or ring the bell did not cause, or contribute to, the injury.

3. *Running train when head-light is obscured by fog, &c.*—When the light cast from a proper head-light is obscured by fog, driving rain or snow, the running of the train with reasonable care, in view of that circumstance, can not be deemed negligent.

APPEAL from the City Court of Birmingham.

Tried before the Hon. William W. Wilkerson.

This was an action brought by the appellant against the appellee to recover damages for the alleged negligent killing, by a train of the defendant, of two mules, the property of the plaintiff. The case was tried without a jury and there was judgment for the defendant.

The circumstances of the accident and other necessary facts are sufficiently stated in the opinion.

Upon the examination of one Frank Gafford, he testified that he had been a trader and dealer in mules for twenty-five years, and was thoroughly familiar with them, and on cross examination he was asked by the plaintiff the following question : "From your knowledge of mules state whether or not a mule with good eyes will walk into a trestle?" The defendant objected to this question, which objection the

[Hilliker-Krebs B. & M. Co. v. Birmingham R'y & Electric Co.]

court sustained and the plaintiff duly excepted. The plaintiff then asked the following question, and duly excepted to the court's sustaining the defendant's objection thereto : "State whether or not a mule with good eyes could be driven into a trestle?"

J. Q. COHEN, for the appellant, cited.—*A. G. S. R. R. Co. v. Jones*, 71 Ala. 487 ; *B. M. R. R. Co. v. Harris*, 98 Ala. 326 ; *Railroad v. Williams*, 53 Ala. 595 ; *Central R. R. & B. Co. v. Ingram*, 95 Ala. 152.

THOMAS M. OWEN, for the appellee, cited.—77 Ala. 429, 75 Ala. 113, *et seq.*; 73 Ala. 244 ; 80 Ala. 73 ; 87 Ala. 610 ; 90 Ala. 46 ; 92 Ala. 279 and 287 ; 62 Ala. 71 ; 71 Ala. 487 and 53 Ala. 595.

STONE, C. J.—A train of the Railway Company killed two mules, the property of the plaintiff, and the present suit was brought to recover damages for such killing, the complaint and allegation being that the injury was caused by the negligence of the defendant Railway Company. The case was tried by the court without a jury, and judgment was rendered for the defendant. Plaintiff excepted to the rejection of certain testimony offered by it, but there is no merit in that exception.

Tried as this case was, it became the duty of the court to weigh the testimony, to find and determine what the facts were, and to render judgment—thus pronouncing alike on the facts and on the law. The court adjudged that the plaintiff had failed to make out its case, gave judgment for the defendant, and plaintiff excepted. The correctness of that judgment is the question for our decision.

The mules were killed near a point at which the railroad crossed a public highway ; about 170 feet therefrom, and beyond the crossing. The point was made in the court below, and is renewed here, that the railway company placed itself in fault by failing to blow its whistle, or ring its bell at least one fourth of a mile before reaching the public road-crossing, keeping the same up till the crossing was passed, as required by § 1144 of the Code of 1886. The engineer and fireman testified that this statutory duty was performed, while two other witnesses testified that it was not.

We hold it unnecessary to consider or decide this disputed question of fact. A failure to comply with the requirements of that statute is not, in every case, an actionable wrong. The penalty for such failure is a liability "for all damages

[Hilliker-Krebs B. & M. Co. v. Birmingham R'y & Electric Co.]

done to persons, or to stock or other property, *resulting from*" such failure.—Code, § 1147—Acts of 1886–7, p. 146. It is only when the injury results from the failure to comply with the statute that the action for damages can·be maintained. The "principle only extends to such injuries as are caused by the non-observance of such rules."—*A. C. S. R. R. Co. v. McAlpine*, 75 Ala. 113; *Clements v. E. T., V. & G. R. R. Co.,*.77 Ala. 533; ·*N. C. & St. L. R. R. Co. v. Hembree*, 85 Ala. 481; *Ga. Pac. R'wy Co. v. Hughes*, 87 Ala. 610; *E. T., Va. & Ga. R. R. Co. v. Bayliss*, 75 Ala. 466.

It is manifest from the facts in this case, as shown by all the testimony, that a failure to blow the whistle or to ring the bell, if there was such failure, could not have caused, or contributed to the injury complained of.

The real contest in this case—the point on which its fate must hinge—was whether the persons in charge of the train saw, or, with the maintenance of a proper lookout, could have seen the mules in time to stop the train before striking them. On this question there is a conflict in the testimony as to the state of the weather, and the speed at which the train was moving. The engineer and fireman testified that it was misting rain, that dampness on the headlight obscured the transparency of the glass; that they were steadily looking ahead and saw the mules as soon as it was possible to discover them; that the engine was immediately reversed, and that the collision occurred before they had time to apply the brakes. They testified also that the train was going down grade, and that smoke from coke ovens near by had settled on and obscured the track at the trestle, which was at a depressed place in the road. The limbs of the mules had fallen through the bridge or trestle, and only their bodies were visible. The testimony of these witnesses was that the train was moving at the rate of about ten miles an hour when the collision occurred, and that the train could not have been stopped in time to save the mules.

The opposing testimony was that of two persons who were passengers·on the train. They testified the train was moving at about the rate of twenty miles an hour, that it had been raining, but the rain had ceased, that if the engine had been reversed they would have felt the sensation, and that they felt no sensation until the train struck the mules, which caused a violent shock, and stop of the train. The tendency of their testimony was to deny that it was raining, and to deny that the engine was reversed, as testified to by the engineer and fireman. This presented the material conflict in the testimony.

[Hilliker-Krebs B. & M. Co. v. Birmingham R'y & Electric Co.]

The rule declared in *M. & E. Railroad Co. v. Lyon*, 62 Ala. 71, has been materially modified. Speaking of that case, and the principle it asserts, BRICKELL, C. J., speaking for the court, in *Ala. Gr. So. R. R. Co. v. Jones*, 71 Ala. 487, said: "It was not intended to assert more than that it is the duty of railroad companies to employ the best machinery and appliances which are in use, and the failure to employ them, in view of the hazardous agencies they control, the dangers necessarily incidental, is a want of the care and diligence a man of ordinary prudence would observe. . . The proposition must, however, be accepted with limitations and qualifications. From unknown causes the machinery and appliances may, in the course of travel, become defective, or natural causes may intervene which render it inefficient. The train can not be expected to stop on the track. The stoppage may involve more of peril than its continued running, as the machinery will permit; and if under such circumstances reasonable care and diligence are observed, negligence could not be imputed. If it were true that from fog, or from driving rain or snow, the light cast from a proper headlight was obscured, the running of the train with reasonable care, in view of that circumstance, could not be deemed negligent."—*Cen. R. R. & B. Co. v. Ingram*, 95 Ala. 152; *Birmingham Min. R. R. Co. v. Harris*, 98 Ala. 326.

It is the undisputed testimony in this case that from the public road crossing to the trestle, on which the mules were struck and killed, the track of the railroad was down grade, and that the trestle was at a depressed section—the lowest in the immediate neighborhood.

The City Court, as we have said, gave judgment in favor of the defendant; and while we are not permitted to consider the advantage he had in observing the witnesses while they gave their testimony, we may properly give weight to another fact. The engineer and fireman were on the engine, had unobstructed view of the weather and the surroundings, while the other witnesses were on the train and in the car. Directing the train which caused the disaster, and being eye-witnesses to all that occurred, they had much better opportunities for seeing and remembering what took place and the accompanying circumstances than the other witnesses could have.

We are not able to perceive that the City Court erred in the judgment rendered.

Affirmed.