SNYDER *v.* CITY OF ALBION.

1. MUNICIPAL CORPORATIONS — CLAIMS FOR TORT — PRESENTATION
   TO COUNCIL.
   A charter provision that no suit shall be maintained against
   a city on any account or claim until the same shall have been
   presented to the common council does not apply to actions
   *ex delicto.*

2. SAME — PERSONAL INJURIES — NATURE OF CLAIM — SUFFICIENCY
   OF DECLARATION.
   Plaintiff's intention to rely upon structural as well as surface
   defects in a bridge, by the collapse of which she claims to
   have been injured, is sufficiently indicated by the averment
   in her declaration that the defendant allowed its sidewalk
   and bridge "to become and remain broken, torn up, and out
   of repair, and not reasonably safe and convenient for public
   travel," and that, "while the plaintiff was walking over said
   walk and bridge, said sidewalk and bridge, by reason of its
   being in an unsafe, broken, torn up, and out of repair con-
   dition, broke and fell into the river." So *held*, at least, where,
   though no demurrer had been interposed, want of notice
   of the exact nature of the claim was urged to defeat the ver-
   dict.

3. SAME—WOODEN STRUCTURES—NOTICE OF DECAY.
   The capacity of white pine for holding nails when sound, and
   its lasting qualities, as compared with other timber, may
   properly be shown in an action wherein defendant is claimed
   to have had constructive notice, by reason of the lapse of time,
   of the decay of a bridge built of such material.

4. SAME—EVIDENCE OF OTHER DEFECTS.
   The decayed condition of the timbers in other parts of the
   bridge than that which collapsed may be shown for the same
   purpose.

5. PERSONAL INJURIES—PLEADINGS AND PROOFS.
   A declaration for personal injuries need not set out all of
   the results of the injuries claimed to have been sustained in
   order to render evidence of them admissible upon the trial.
   *Montgomery* v. *Railway Co.*, 103 Mich. 46, followed.

| | |
|---|---|
| 113 | 275 |
| 115 | 228 |
| 113 | 275 |
| 116 | 411 |
| 116 | 504 |
| 113 | 275 |
| 119 | 396 |
| 113 | 275 |
| f123 | 27 |
| 123 | 43 |
| 113 | 275 |
| s71NW | 475 |
| f133 | 1505 |
| 113 | 275 |
| 134 | 5520 |
| 113 | 275 |
| 137 | 5558 |
| 113 | 275 |
| 157 | 2 75 |

6. MUNICIPAL CORPORATIONS—DEFECTIVE BRIDGE — CONSTRUCTIVE NOTICE.

A city is chargeable with constructive notice of the defective condition of a bridge within its jurisdiction, where the defect is of such long standing and of such character as actually to arrest the attention of passers-by, or of persons inspecting the bridge.

Error to Calhoun; Smith, J. Submitted February 10, 1897. Decided May 28, 1897.

Case by Julia J. Snyder against the city of Albion for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

*M. D. Weeks* ( *Wilson & Cobb*, of counsel), for appellant.

*Pringle & Hewett* (*Thomas E. Barkworth*, of counsel), for appellee.

MONTGOMERY, J. The plaintiff recovered a verdict and judgment for injuries sustained by reason of the falling of a sidewalk which constituted a portion of the bridge crossing the Kalamazoo river in the defendant city. The defendant brings error. The record contains a large number of assignments of error, but the principal contentions of counsel may be treated of under two or three heads.

It is first contended that the plaintiff's case failed for the reason that she failed to show that the claim upon which she sued had been presented for adjustment and allowance to the common council of the city. The charter of the city (section 2, chap. 15, Act No. 296, Local Acts 1885) reads as follows:

"Said city council shall have authority to adjust and settle all accounts and claims against said city, and no suit or action shall be maintained against said city on any account or claim until the same shall have been presented to said council, and said council shall have had an opportunity to pass upon the same."

We think this was not intended to apply to actions of this character. The word "claim," when used in some relations, may be broad enough to include a claim for damages in an action *ex delicto;* but, in the connection in which it is used in this statute, we think it is not so intended. In New York it has been held that the word "claim," as used in the Code, authorizing an attachment, does not apply to a tort. *Saddlesvene* v. *Arms,* 32 How. Prac. 280. See, also, *Stringham* v. *Winnebago Co. Supervisors,* 24 Wis. 594. The question has also arisen in various States under charter provisions similar to that contained in the charter under consideration. In *Howell* v. *City of Buffalo,* 15 N. Y. 512, the charter of Buffalo, which provided that "it shall be a sufficient bar and answer to any action or proceeding in any court, for the collection of any demand or claim, that it has not been presented to the common council for audit or allowance," was construed, and it was held that the provision did not apply to actions *ex delicto.* In *Harrigan* v. *City of Brooklyn,* 119 N. Y. 156, the charter of Brooklyn, which provided that "no action or special proceeding shall be maintained against the city unless it shall appear by the complaint that at least 30 days have elapsed since the claim or claims upon which said action or special proceeding is founded were presented in detail, and duly verified by such claimant or claimants, to the comptroller of said city for adjustment," was considered. It was said, "The words 'claim or account,' in connection with the purpose of presentation, and the designation of the officer to whom the presentation is to be made, naturally indicate claims on contract." In Wisconsin the statute provided that "no action shall be maintained by any person against the city upon any claim or demand until such person first shall have presented his claim or demand to the common council for allowance, and the same shall have been disallowed in whole or in part." It was held in *Sommers* v. *City of Marshfield,* 90 Wis. 59, that this statute did not require a previous presentation of a claim

for personal injuries. It was said: "This court has repeatedly held that the words 'claim or demand,' as used in the charter, do not include a cause of action for personal injury by reason of a defective street or sidewalk. * * * 'Claim or demand,' as thus used, include only such as arise upon contract." See, also, *Sheridan* v. *City of Salem*, 14 Or. 328; *City of Warren* v. *Davis*, 43 Ohio St. 447; and *Lay* v. *City of Adrian*, 75 Mich. 438.

Counsel for defendant rely upon the case of *Springer* v. *City of Detroit*, 102 Mich. 300. But in that case there was ample evidence in the act itself to indicate the sense in which the words "demand or claim" were used. The second paragraph of the provision quoted on page 302 was as follows:

"It shall be a sufficient bar and answer to any action or proceeding in any court, for the collection of any demand or claim against said city, that it has never been presented to the common council for audit or allowance, or, *if on contract*, that it was presented without said affidavit and rejected for that reason, or that the action or proceeding was brought before the common council had a reasonable time to investigate and pass upon it."

Mr. Justice LONG, in distinguishing this case from *Lay* v. *City of Adrian*, says:

"The Detroit charter expressly refers to unliquidated claims; and while it provides, in the first paragraph of the section referred to, that no unliquidated account or claim or contract shall be received for audit or allowance unless it be accompanied with an affidavit, and then proceeds to recite what the affidavit shall contain, the next paragraph expressly provides that it shall be a sufficient bar and answer to any action for the collection of any demand or claim that it has never been presented to the common council for audit or allowance, or, if on contract, that it was presented without said affidavit, and rejected for that reason."

We think the court did not err in overruling defendant's objections on this ground.

Numerous assignments are based upon the alleged insufficiency of the declaration. The declaration averred

that the defendant allowed the sidewalk and bridge "to become and remain broken, torn up, and out of repair, and not reasonably safe and convenient for public travel," and that, "while the plaintiff was walking over said walk and bridge, said sidewalk and bridge, by reason of its being in an unsafe, broken, torn up, and out of repair condition, broke and fell into said Kalamazoo river," etc. The criticism made is that the declaration did not apprise the defendant that anything more would be claimed than that the surface of the sidewalk was out of repair. But, as the declaration was not demurred to, we think it sufficient to support the verdict, and that the charge that it broke and fell into Kalamazoo river by reason of its being out of repair could hardly be construed to apply to the surface, and must have apprised the defendant of the plaintiff's claim that the structure itself was defective, and for this reason fell.

Objection was made to the testimony of a witness for plaintiff, furnishing a comparison of white pine with other timber, in regard to its capacity for holding nails when sound, and as to its lasting qualities. This appears to have been based upon the statement that there was no allegation in the declaration that the bridge or sidewalk was constructed of defective material. The material may have been proper enough to use, but it would hardly be contended that a bridge constructed of wood would not require more frequent inspection than one constructed of stone, if well built. This testimony was offered for the purpose of indicating when the defendant should, in the exercise of prudence, have looked for decay. And we think, in the same connection, it was competent for the witness to testify as to the decayed condition of timber in other parts of the bridge, which were really part of the same structure.

Error is assigned upon the admission of evidence of the plaintiff's injuries, the claim being that certain particular injuries named were not set out in the declaration. The testimony was directed rather to the results of injuries,

and the case falls within *Montgomery* v. *Railway Co.*, 103 Mich. 46.

It is argued in the brief of defendant's counsel that, upon the whole case, the verdict should have been directed for defendant; the principal claim being that there was no evidence that the defendant had actual notice, or that the defect was of such long standing and of such character that the defendant could be charged with constructive notice, of the defect.   But, without going at length into the testimony, we think that sufficient appeared by the testimony of defendant's witnesses to warrant the jury in drawing the inference that the committee of the council had sufficient notice of the decayed condition of the timbers supporting the bridge to have called for action on the part of the city.   There was evidence showing conditions which indicated that an inspection would have disclosed the condition of these timbers, and whether such inspection was timely made was a question for the jury, under the testimony in this case.   The court charged the jury that notice to the city might be either actual or constructive, and that, if the condition of the bridge was such that by reasonable diligence the city should have known of its defective condition, that would be constructive notice, but that such notice could not be presumed unless of such long standing and of such a character as to actually arrest the attention of passersby, or of persons inspecting the bridge, and that the burden of showing these facts was upon the plaintiff.   We think this instruction sufficiently favorable to defendant, under the ruling in *Township of Medina* v. *Perkins*, 48 Mich. 71; *Stebbins* v. *Township of Keene*, 55 Mich. 557; and *Moore* v. *Township of Kenockee*, 75 Mich. 332.

We think, upon the whole record, that the case was fairly presented to the jury, and that the judgment should be affirmed.

The other Justices concurred.