Rose v. St. Louis.

Rose, Appellant, v. City of St. Louis.

### Division One, December 12, 1899.

**Negligence**: PLEADING: PROOF. Plaintiff was injured by the falling of a stone upon his head from the cornice of a building, and charged his injury to the negligence of defendant in building the cornice of rotten stone. He never saw the stone, and soon after his injury it and the other stones of the cornice were carried away and placed in a pile. *Held*, that the court erred in ruling that plaintiff must confine his evidence to the condition of the particular stone that struck him.

*Appeal from St. Louis City Circuit Court.*—Hon. P. R. Flitcraft, Judge.

REVERSED AND REMANDED.

J. E. & J. F. Merryman for appellant.

Plaintiff had the right to show that the entire cornice was rotten. Small v. City of Tipton, 63 Mo. App. 235; 1 Rice on Evid., pp. 489 and 490.

B. Schnurmacher and Chas. Claflin Allen for respondent.

The rulings of the court on evidence were correct. The matters excluded were all incompetent. They were not connected with any matters material to the issue involved.

VALLIANT, J.—This is a suit for damages for personal injuries alleged to have been sustained by the plaintiff through the negligence of the defendant city.

The substance of the petition is that in 1883-84 the city, as a part of its waterworks system, constructed a large boiler and engine house, and a brick and stone building attached, the first story of which was used for storing coal to be used in its business, and the upper story for other purposes; that in

the erection of the coal storage building the city negligently used rotten, defective and unsafe stone and constructed its walls and especially the cornice of such ·stone; that the cornice extended over and beyond the main wall without support and the stones of which were rotten and defective and subject to break and crumble; that on or near the south side of the building the defendant had constructed a railroad track for the purpose of switching cars loaded with coal to be unloaded into the building; that on the tenth of April, 1896, plaintiff was employed by a person, not the defendant, but with its consent, to unload a car of coal standing on that track by shoveling the coal through a window into the building, and while so engaged one of the stones of the cornice fell and struck plaintiff on the head and inflicted very serious injuries, the particular nature of which are specified. The petition prays judgment for $8,000. The answer is a general denial and a plea of contributory negligence.

Upon the trial there was no direct proof that the waterworks belonged to the city or that the buildings, railroad switch and other appurtenances were erected by the city, but these facts were assumed, and the general expressions of the witnesses were to the effect that the premises were the city waterworks and no point of that kind was attempted to be made by defendant's counsel.

The evidence on part of plaintiff tended to show that he was employed by a man named Sachs, who had a contract with the city to deliver coal at the waterworks, and on the day of the accident plaintiff was in a coal car on the track close to the building shoveling coal from the car through a window into the coal storage building, when a stone from the cornice fell, striking him on the head and inflicting injuries of the kind specified in the petition. The plaintiff fell unconscious and never knew what hit him. He never saw the stone that fell, as it was carried away by some one unknown to him before he was able to return to the scene of the accident. As to the

condition of the cornice, the testimony tended to show that it projected out from the wall about a foot or eighteen inches; that after the stone fell an opening in the cornice twenty-three inches long and three inches wide was observed, out of which the stone was supposed to have fallen, and there was a "dirty crease" where it broke off, indicating an old crack; that after the accident the cornice was taken down and the stones from it were put in a pile in the yard. Then the plaintiff offered testimony tending to prove the condition and character of the stones in that pile, but on objection of defendant the court ruled that plaintiff was limited to proof of the condition only of the stone that struck him, to which plaintiff excepted. This was all the evidence offered to show the condition of the stone of which the cornice was constructed. Under this evidence when the plaintiff rested, the court instructed the jury that he was not entitled to recover and that their verdict must be for the defendant. Plaintiff declined to take a nonsuit and a verdict was rendered accordingly. In due time plaintiff moved for a new trial on the grounds, among others, that the court erred in rejecting the evidence offered, and in instructing the jury. Upon overruling this motion judgment followed the verdict, and the plaintiff brought this appeal.

The only act of negligence charged was the building of the cornice with rotten stone, but when the plaintiff came to that part of his testimony the court ruled that he could prove only the condition of the stone that struck him, and as he was unable to identify that stone he was at the end of his case. If that ruling were correct, then if all the stones in the cornice were rotten except this one, and this one fell because the rotten stones with which it was joined in the cornice crumbled so that they could not hold it, then there was no negligence. Of course it would not be conclusive proof of negligence, in the construction of the building in 1883, to show only that the stones in 1896 were in a defective condition, because they might have become defective after they were put into the wall

or their defect might have come to light after that. The city would not be liable unless the condition of the stones were such at the time they were placed in the cornice that their defect and unfitness were obvious, and the circumstances imputed notice, or the city had notice of it, or unless the stones had been in such condition long enough before the accident, with the city's knowledge, or under circumstances from which knowledge might be inferred, to afford an opportunity to take them down. But in considering all these points reference must be had to the nature of the thing in dispute. There are many kinds of building stones hard and soft, enduring and perishable, and the presumptions and inferences, often necessary to be resorted to in the trials of such questions as are above indicated, vary accordingly.

When the plaintiff offered his evidence on that point and the court refused to hear it, we are to presume for the purpose of determining the correctness of the ruling of the trial court, that if he had been suffered to introduce his evidence it would have sustained his case as far as that fact, and as far as legitimate inference therefrom can be drawn, would go.

We are of the opinion that the circuit court erred in excluding that evidence, and for that reason the judgment is reversed and the cause remanded to that court, to be tried again.

All concur, except MARSHALL, J., not sitting, having been of counsel.