(50 South. 811.)

No. 17,765.

STATE v. CLARK.

(Nov. 29, 1909.)

1. INDICTMENT AND INFORMATION (§ 121*) — BILL OF PARTICULARS.

Where, in a prosecution for unlawfully keeping a tippling shop, defendant claimed that he was conducting a business for the sale of nonintoxicating drinks of various sorts, and that he could not properly prepare for trial unless he was informed which one of the drinks sold by him was claimed to be intoxicating, the court erred in denying defendant's motion for a bill of particulars disclosing such fact.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 316–320; Dec. Dig. § 121.*]

2. INTOXICATING LIQUORS (§ 224*)—FORMULA —PRESUMPTION.

Where an alleged intoxicating beverage was sold under the trade name "Senoj" to the trade generally, and was manufactured by a particular concern, it would be presumed that it was manufactured in accordance with a formula, and that all of it sold was of a uniform character and quality.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 224.*]

3. INTOXICATING LIQUORS (§ 231*)—INTOXICATING CHARACTER—EVIDENCE—SALES AT OTHER PLACES.

Where a particular beverage, sold under a trade-name to the trade generally, was claimed to be intoxicating, evidence of its intoxicating effects when sold at other places than that of accused charged with the illegal sale of intoxicating liquors was admissible after a foundation had been laid by proof that the beverage sold at such other places was manufactured and sold to the trade generally by the same concern that manufactured the beverage sold by defendant, and was of the same brand, and in the same condition in which it was received from the manufacturer.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 291; Dec. Dig. § 231.*]

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Winston Overton, Judge.

M. L. Clark was convicted of unlawfully conducting a tippling shop for the sale at retail of intoxicating liquors, and he appeals. Reversed and remanded.

Mitchell & Rosenthal (Sompayrac & Westerfield, of counsel), for appellant. Walter Guion, Atty. Gen., and Joseph Moore, Dist. Atty. (U. A. Bell and R. G. Pleasant, of counsel), for the State.

PROVOSTY. J. The bill of information against defendant reads that:

He "at the parish of Calcasieu on or about the 31st day of March, 1909, did unlawfully keep, carry on and conduct a grog and tippling shop and retail spirituous and intoxicating liquors."

Defendant called for a bill of particulars. As his reasons for making the request, he assigned that he was conducting the business of retailing soft or nonintoxicating drinks, and that, unless he was informed which one of the particular soft drinks sold by him in his business was claimed to be intoxicating, he could not properly make his defense. The court refused the request. On the trial it developed that the particular drink which the state had in view as being intoxicating was a drink known by the name of "Senoj."

The state should, we think, have been required to furnish this bill of particulars. It is well settled that a bill of particulars will be required to be furnished when necessary to enable the accused to prepare his defense. Clark's Criminal Procedure, c. 5, p. 161, § 62 et seq.; also, section 63, p. 163; section 151, p. 429 et seq.; Marr's Criminal Procedure, § 253, p. 433, particularly citations under "a" and "c"; City of New Orleans v. Chappuis, 105 La. 179, 29 South. 721; Bishop's Criminal Procedure, § 646, p. 392; Id. c. 29, § 4, par. 624, p. 377; State v. Maloney, 115 La. 511, 39 South. 539. The information was necessary in this case, because the defendant could not know, without it, which particular one of the soft drinks sold by him in his business the state would undertake to show was intoxicating; and hence, unless furnished with the infor-

mation called for, he would have to come prepared with evidence with reference to every one of the soft drinks sold by him, instead of confining himself to the particular one with reference to which evidence was necessary.

In justification of the ruling, it is said that such a thing might be as that the state could not give any particulars; as, for instance, where nothing more was known than that the visitors to the defendant's place of business became intoxicated while there, without its being known what particular drinks they took. The answer to that suggestion is simply this: That the prosecution cannot be required to furnish a bill of particulars in a case where it has no particulars to furnish. But, because the prosecution is dispensed from furnishing particulars in a case where it has no particulars to furnish, it does not follow that it is dispensed from furnishing particulars in a case where it has them and can furnish them, especially where to furnish them would be so easy as in this case, and so conducive to the fairness of the trial. By admitting that he was carrying on the business of selling soft drinks defendant reduced the possible issues of the case to two: First, whether one or more of the so-called soft drinks sold by him in his business contained intoxicating ingredients; secondly, whether under the pretense of selling soft drinks he was selling alcoholic beverages. He was entitled to know upon which one of these issues the prosecution intended to try the case; and, if upon the former, then which of the several kinds of drinks sold by him the prosecution would contend was intoxicating.

As already stated, "Senoj" is a trade-name. The beverage is manufactured by Jones Bros. & Co. of Louisville, Ky., and is sold to the trade generally. The beverage being thus sold generally under a trade-name,

we think that the presumption is that it is manufactured from a formula, and that all of it that is sold is of uniform quality, just as all the beer of a particular brand sold by a brewery can safely be assumed to be of uniform quality. Such being the case, we think that evidence of the intoxicating effects of the beverage when sold at other places than that of defendant was admissible. This is so on the same principle on which one of the bottles out of the stock which the defendant still had on hand might have been taken as a sample of that which defendant had already sold. Com. v. Kendrich, 147 Mass. 444, 18 N. E. 230.

It goes without saying that, before such evidence could be admitted, a foundation for its admission would have to be laid by showing that the Senoj sold at the other places was manufactured and sold to the trade generally by the same concern, and was of the same brand as that sold by defendant, and that it was sold in the same condition in which received from the manufacturer. In the case just cited, objection was made that the sample bottle used for analysis had not been shown to have come out of the stock of the defendant. Of course, if the proof had failed on that point, the result of the analysis would not have been admissible in evidence. So, in the case at bar, if defendant could raise a doubt as to whether the Senoj sold at the other places had not been tampered with, or was not of a different quality from that sold by him, the predicate for the admission of the evidence would not have been laid, and the evidence would be inadmissible.

In Epps v. State, 102 Ind. 539, 1 N. E. 491, the absence of arsenic from another sample from the same package was admitted for showing the absence of arsenic. In Commonwealth v. Schaffner, 146 Mass. 512, 16 N. E. 280, another sample taken by the inspector from the defendant's milk wagon,

on the same day at substantially the same time, was admitted to show the bad quality of the milk. In Ft. Wayne v. Coombs, 107 Ind. 87, 7 N. E. 743, a neighboring break in a sewer was admitted to show that the materials were defective. In Snyder v. Albion, 113 Mich. 276, 71 N. W. 475, the court held, quoting the syllabus:

"Plaintiff, injured by the breaking of a portion of a bridge, may show decay in other parts of the same." [1]

So in Rose v. St. Louis, 152 Mo. 602, 54 S. W. 440, where plaintiff was injured by the falling of a cornice stone alleged to be rotten, the condition of other stones in the same cornice was allowed to be shown. In Randall v. Telegraph Co., 54 Wis. 140, 11 N. W. 419, 41 Am. Rep. 17, the court held, quoting syllabus:

"In an action for injuries from defendant's negligence in permitting its telegraph wires to be down and lying across a highway at a certain spot, proof that defendant's poles and wires were down at other places within a few miles of the place of injury, and at other times within a few months of the time of the injury, would seem to be admissible to show defendant's negligence."

In Hart v. Walker, 100 Mich. 406, 59 N. W. 174, the syllabus reads:

"Defendant having claimed that it was so hot on the night of the alleged assault that the family was compelled to sleep with doors and windows open, the weather records of a neighboring town were admissible."

In Cleland v. Thornton, 43 Cal. 437, the question being as to the nature of the timber burned, the "character of the timber for milling purposes in that immediate neighborhood" was admitted. In Central Railroad v. Ingram, 98 Ala. 395, 12 South. 801, the Supreme Court of Alabama said:

"We are of opinion that the evidence showing equally or more favorable conditions for the formation and prevalence of fog at other places in proximity to the place of injury, and at which the evidence shows there was none, is relevant

---

[1]This quotation is from the syllabus in 71 N. W. 475.

and admissible as tending to show there was none at the place of injury"—citing Railroad Co. v. Ingram, 95 Ala. 152, 10 South. 516.

The principle of all these decisions is that in all probability the parts offered in evidence or testified about and the part under investigation are so closely similar that the court may safely accept the one as a sample of the other. In the absence of contrary proof, the extreme probability would be that all Senoj of the same brand coming from the same manufacturer was of practically the same quality, and would be intoxicating when sold in defendant's place of business if having that effect when sold in other places.

Judgment set aside, and case remanded for trial according to law.