## LUDWIG LAY v. THE CITY OF ADRIAN.

*Municipal corporations—Injury from defective bridge—Evidence—
Expert testimony—Presentation of claim to city council—
Construction of statute providing for.*

1. In a suit for injuries received by reason of the defective condition of a bridge, evidence tending to show the existence of loose plank and rotten stringers a month prior to the accident is admissible.

2. It is not proper cross-examination of a physician, who has testified to the nature of injuries sustained by a plaintiff and the prospect of a full recovery, to ask him if he would be able to say from an examination of the plaintiff, if he had never seen him, that he was unable to do manual labor, said question being hardly proper for a medical expert.

3. A statute providing that all claims against a city shall be audited and allowed by the common council, and that the failure to present such claims, properly itemized and verified, shall be a sufficient defense in a suit for their recovery, does not apply to a claim for damages for a personal injury sustained by reason of the negligence of the city, but to claims arising out of contract, or for injury to property, where the amount claimed may be computed, after the facts are established, by some fixed rules or mode of computation.

Error to Lenawee.   (Lane, J.)   Argued January 16, 1889. Decided June 28, 1889.

Case for injuries received by reason of defects in bridge. Defendant brings error.   Affirmed.   The facts are stated in the opinion.

*J. W. Helme, Jr.,* city attorney, for appellant.

*Watts & Smith,* for plaintiff.

SHERWOOD, C. J.   The plaintiff brings this suit against the city for personal injuries received while passing over a bridge therein, which it is alleged the city negligently allowed to be out of repair, and in consequence of which he sustained great damage.

The cause was tried before a jury, and the plaintiff recovered $2,800.   The defendant brings error, and assigns 18 errors in the proceedings by which the judgment was obtained.

From the record it appears the bridge upon which the injury was received was a small wooden structure, and at the time the accident occurred the plaintiff was driving over the same upon a walk; that some of the planks used for a covering had become loosened, and that while crossing plaintiff's horse stepped upon one of them, which did not reach across the bridge, and, the end of the plank not reaching the stringer, it was thrown up with great violence when stepped upon by the horse, striking the plaintiff in the back of the head, and knocked him off his wagon, his face striking upon the bridge as he fell, seriously injuring him; and the testimony tends to show that for some time he was unconscious, and that he has been unable to labor since, and that it is doubtful whether he will ever recover from his injuries.

But little question was made upon the trial at the circuit as to the injury received by the plaintiff, or how it occurred, but the defendant contended that if the bridge was out of

repair, as claimed by plaintiff, prior to the accident, the defendant had no knowledge or notice of such fact in time to repair it.

The defendant also claimed that the injuries received by plaintiff were of a temporary character, and not permanent, and that if he had any claim therefor, it should have been presented to the city council for payment before bringing suit therefor.

The injury occurred on the fifth day of July, 1887, and it was claimed on the part of the plaintiff that the city was notified of the defective and unsafe condition of the bridge the latter part of June, and that the plank on the same were loose and dangerous.

It appears the stringers were but two or two and one-half inches thick, upon which the ends of the short plank rested, and at those places the stringers were decayed and crumbling.

It appears from the testimony of Mr. Kent, the city's deputy-surveyor, that on the thirteenth day of June previous to the accident he made an examination of the bridge, and saw its condition, and he further testified that he saw no loose planks upon the bridge, and that he saw no indications of decay of the stringers, but was not near enough to them to detect it if it had existed; that he made such examination at the request of the chairman of the street committee of the city.

At the close of the trial, and at the request of the defendant's counsel, the court submitted to the jury the following special question:

"Was Railroad street bridge in a condition reasonably safe for public travel on June 13, 1887, the date of Mr. Kent's examination?"

The jury answered the question in the negative.

W. D. James, one of plaintiff's witnesses, also testified that he informed Mr. Lawrence (who was one of the aldermen of the city, and chairman of the committee on streets

and bridges), the latter part of June, that the planks on the bridge in question were loose, and tipped up when teams were crossing, and that it was unsafe, and that Mr. Lawrence replied that he would attend to it. Mr. Burger was called for plaintiff, and testified that he was on the bridge the day of the accident, and before the plaintiff left the bridge, and walked over the bridge and examined it some. He was asked by counsel for the plaintiff,—

" What was the condition of the stringers of the bridge?"

The witness answered:

" We crossed the bridge there, and we noticed there was, I think, a number of planks that were loose on the bridge, and some of the stringers appeared to be rotten."

We see no error in the admission of this testimony. The condition of the bridge was in issue, and it was a part of the contention of plaintiff that not only were there three or four short planks loose, but that the stringers were rotten. It was also rebutting the testimony of the defendant showing that the stringers were not decayed.

Dr. Stevenson was called as a witness for the plaintiff, and after testifying as to the nature and character of the injury, and as to the prospect of full recovery therefrom, was cross-examined by Mr. Helme, the city attorney, and, among others, he was asked the following question:

" Would you be willing to state upon an examination of Mr. Lay, not having seen him before, that he was unable to do labor?"

The doctor answered:

" Yes, sir; but I have examined him also."

He was then asked:

" Would you be able to say, from an examination of Mr. Lay, had you never seen him, that he was unable to do manual labor?"

The court held this question improper as it was put, but at the same time said to counsel:

"I think that counsel is entitled to know from the doctor whether his opinion is based on what he saw himself entirely, or what he saw and also what this man said to him."

I see no objection to this ruling. The question was not proper cross-examination, and can hardly be called a proper question for a medical expert.

We discover no other testimony offered and received needing further consideration.

The charter of the city of Adrian (Act No. 384, § 112, Local Acts of 1887) contains the following clause:

" The council shall audit and allow all accounts chargeable against the city, but no account or claims or contract shall be received for audit or allowance unless it shall be accompanied with an affidavit of the person rendering it, to the effect that he verily believes that the services or property therein charged have been actually performed or delivered for the city; that the sums charged [therefor] are reasonable and just; and that, to the best of his knowledge and belief, no set-off exists, nor payment has been made on account thereof, except such as are indorsed or referred to in such account or claim. And every such account shall exhibit in detail all the items making up the amount claimed, and the true date of each.

" It shall be a sufficient defense in any court, to any action or proceeding for the collection of any demand or claim against the city, that it has never been presented, verified as aforesaid, to the council for allowance; or that the claim was presented without the affidavit aforesaid, and rejected for that reason; or that the action or proceeding was brought before the council had a reasonable time to investigate and pass upon it."

It was urged in the court below that this section of the statute is a sufficient defense to this action, as the claim made by the plaintiff was never presented to the council of the city for allowance, and our attention is called to *City of Detroit v. Paving Co.*, 38 Mich. 358; *Louden v. City of East Saginaw*, 41 Id. 18 (2 N. W. Rep. 182); and to *Mead v. City of Lansing*, 56 Id. 601 (23 N. W. Rep. 444),—as sustaining

the defendant's position. The circuit judge ruled otherwise, though expressing some doubts as to the correctness of his ruling. At the close of the plaintiff's testimony it was admitted by his counsel that the plaintiff never presented his claim made in this suit for allowance to the council of the city of Adrian, and thereupon counsel for the city moved to strike out the plaintiff's testimony in the case. This the court refused to do.

Defendant's counsel also presented at the close of the trial the following request to the court to charge:

"It is conceded that this claim has never been presented to the city council for allowance. I therefore charge you that as the claim has never been presented to the city council of Adrian for allowance, as required by section 112 of the Adrian city charter, the plaintiff cannot recover in this cause, and your verdict must be for the defendant."

The request was denied. The exceptions taken to the last two rulings of the court present the real question in the case. I think the rulings were not erroneous. The claim of defendant's counsel is not sustained by the authorities referred to. None of them were claims made for personal injury. They were actions in assumpsit. The first was brought to recover for a quantity of sand it was alleged the city of Detroit had received and not paid for, and the last two to recover for alleged illegal taxes paid under protest.

I do not think the statute was ever intended to apply to claims of the character of that in the present suit, but to those arising out of contract, express or implied, or for injury to property real or personal, where the amount claimed may be computed, after the facts are established, by some fixed rules or mode of computation. The claim here made is susceptible of no such proof of the amount of the recovery, but very largely rests in the good judgment and sound discretion of the court or jury, and, if tried by the latter, under proper instructions from the court as to the law which should govern in the case.

The claim sued for is not one proper for audit and allow-
ance by a municipal board.    It is for personal injury, one in
which the items thereof cannot be itemized by the injured
party in such manner as to enable an auditing board to pass
upon it intelligently without the aid of a court, and does not
come within the description of those included within the
statute; and, while I have no doubt the board of the city or
the common council might make an adjustment and settle-
ment of such a claim if the claimant saw fit to make such
settlement, still I do not think it was intended to compel
him to present such a claim to the council before he should
be permitted to have a court, or a jury under the instruction
of the court, pass upon it.

The mental suffering and physical pain frequently arising
from personal injury cannot be made items in an account,
and be passed upon by an auditing board, and hence it is
that the statute cannot be made to apply to such a case.
Such a claim at common law never existed except with the
injured party, and now only survives him by virtue of express
statute to that effect.    The language used in connection with
the class of claims which must be brought before the com-
mon council for allowance before suit is brought therefor I
think clearly shows that one for personal injuries was never
intended.

It will be noticed that it requires all the items of such
claim to be stated, giving the dates of each, and the further
statements that the claimant believes it to be correct; that
no part of the same has been paid, unless indorsed upon the
account presented; that the sums charged are reasonable and
just for the services and property therein mentioned; and
that no set-off exists against the claim; and these facts must
be sworn to by the claimant.

This is not language usually used by courts or legislators
in speaking of a claim made by an individual against a city
or village, or any other party, for an injury to his feelings, or

for mental anguish and physical pain he has suffered through alleged negligence of a defendant.

The statute is in derogation of common law, and should be strictly construed; and, when we consider the nature and character of this claim, I think there is no room left for doubt that it was never contemplated the statute should receive the construction given it in this case by defendant's counsel.

I find no other errors assigned in the case needing special attention, and the judgment should be affirmed.

CHAMPLIN, MORSE, and CAMPBELL, JJ., concurred. LONG, J., did not sit,