MATILDA L. SPRINGER v. THE CITY OF DETROIT.

*Municipal corporations — Defective sidewalks — Personal injury — Presentation of claim to council — Right of action.*

Under the charter of the city of Detroit, which provides that the common council shall audit and allow all accounts chargeable against the city, but that no unliquidated account or claim or contract shall be received for audit or allowance unless it be verified by the affidavit of the person rendering it, and that it shall be a sufficient bar and answer to any action or proceeding in any court for the collection of any demand or claim against the city that it has never been presented to the common council for audit or allowance, or, if on contract, that it was presented without said affidavit and rejected for that reason, the presentation for audit and allowance of a claim for damages for injuries received by falling upon a defective sidewalk is a condition precedent to bringing suit to recover the same.[1]

---

[1] Section 7, chap. 5, Act No. 3, Laws of 1895 (taking effect February 19, 1895), entitled " An act to provide for the incorporation of villages within the State of Michigan, and defining their powers and duties," provides:

"The council shall audit and allow all accounts chargeable against the village, but no account or claim or contract shall be received for audit or allowance unless it shall be accompanied with a certificate of an officer of the corporation, or an affidavit of the person rendering it, to the effect that he verily believes that the services therein charged have been actually performed or the property delivered for the village; that the sums charged therefor are reasonable and just; and that, to the best of his knowledge and belief, no set-off exists, nor payment has been made on account thereof, except such as are indorsed or referred to in such account or claim. And every such account shall exhibit in detail all the items making up the amount claimed, and the true date of each. It shall be a sufficient defense in any court, to any action or pro-

Error to Wayne. (Brevoort, J.) Argued June 7, 1894. Decided October 16, 1894.

Negligence case. Defendant brings error. Reversed. The facts are stated in the opinion.

*John J. Speed,* for appellant.

*Edward S. Grece* (*T. E. Tarsney,* of counsel), for plaintiff.

LONG, J. This action was brought to recover damages for an injury received by plaintiff by a fall upon a sidewalk, which it is claimed was not in a safe condition for travel. The declaration did not contain any allegation that the claim had been presented to the common council, and notice was attached to the plea that defendant would insist that the claim had never been presented for audit and allowance, as required by section 17, chap. 5, of the charter of the city of Detroit. At the opening of the trial in the court below, objection was made to the introduction of evidence in the case for that reason. This objection was overruled, and the testimony admitted. At the close of the trial, defendant's counsel requested the court to charge that, inasmuch as the claim had not been presented to the common council, verdict must be for defendant. This was refused. Plaintiff had verdict and judgment. The refusal of the court to give this request presents the only question for consideration.

The provisions of the charter referred to are as follows:

---

ceeding for the collection of any demand or claim against the village, for personal injuries or otherwise, that it has never been presented, certified to or verified as aforesaid, to the council for allowance, or, if such claim is founded on contract, that the same was presented without the certificate or affidavit aforesaid, and rejected for that reason, or that the action or proceeding was brought before the council had a reasonable time to investigate and pass upon-it."

"The common council shall audit and allow all accounts chargeable against the city, but no unliquidated account or claim or contract shall be received for audit or allowance unless it be accompanied with an affidavit of the person rendering it, to the effect that he verily believes that the services or property therein charged have been actually performed or delivered for the city; that the sums charged therefor are reasonable and just; and that, to the best of his knowledge and belief, no set-off exists, nor payment has been made on account thereof, except such as are included or referred to in such account or claim.

"It shall be a sufficient bar and answer to any action or proceeding in any court for the collection of any demand or claim against said city that it has never been presented to the common council for audit or allowance, or, if on contract, that it was presented without said affidavit and rejected for that reason, or that the action or proceeding was brought before the common council had a reasonable time to investigate and pass upon it."

Counsel for defendant claims that, under these provisions of the charter, no suit can be commenced or maintained against the city of Detroit, in this class of cases, until the claim shall have been presented to the common council, and it shall have had reasonable time to investigate and pass upon it. Our attention is called by counsel for defendant to the language of these provisions, and it is contended that there is a distinction between them and those of the charter of the city of Adrian, which were passed upon in *Lay v. City of Adrian*, 75 Mich. 438.

The Adrian charter is as follows:

"The council shall audit and allow all accounts chargeable against the city, but no account or claim or contract shall be received for audit or allowance unless it shall be accompanied with an affidavit of the person rendering it, to the effect that he verily believes that the services or property therein charged have been actually performed or delivered for the city; that the sums charged therefor are reasonable and just; and that, to the best of his knowledge and belief, no set-off exists, nor payment has been made on account thereof, except such as are indorsed or referred to in such account or claim. And every such

account shall exhibit in detail all the items making up the amount claimed, and the true date of each.

"It shall be a sufficient defense in any court, to any action or proceeding for the collection of any demand or claim against the city, that it has never been presented, verified as aforesaid, to the council for allowance, or that the claim was presented without the affidavit aforesaid, and rejected for that reason, or that the action or proceeding was brought before the council had a reasonable time to investigate and pass upon it.". Local Acts of 1887, p. 158, § 112.

It is said in reference to this Adrian charter that, reading the last paragraph in connection with the first, it is apparent that the last clause made the omission to present claims a bar to suits only in cases where the claim was required to be verified by affidavit, as provided by the first clause, and that the second paragraph of the Detroit charter is much broader in its scope; that, by it, it is apparent that there was in the minds of the lawmakers a class of claims which were not embraced within the terms of the first paragraph, which was intended to relate only to unliquidated claims or contracts; that, by the second paragraph, all claims are barred unless first presented to the council, and claims on contracts are barred unless accompanied with the affidavit; that, by this paragraph, distinct, separate provisions, which are complete in themselves, are made, without reference to the first paragraph, except as to contracts requiring said affidavit, while in the Adrian charter the only claims barred are such as are required to be " verified as aforesaid."

The language of the Detroit charter is essentially different from that of the Adrian charter, passed upon in *Lay v. City of Adrian, supra.* The Detroit charter expressly refers to unliquidated claims; and while it provides, in the first paragraph of the section referred to, that no unliquidated account or claim or contract shall be received for audit or allowance unless it be accompanied with an

affidavit, and then proceeds to recite what the affidavit shall contain, the next paragraph expressly provides that it shall be a sufficient bar and answer to any action for the collection of any demand or claim that it has never been presented to the common council for audit or allowance, or, if on contract, that it was presented without said affidavit, and rejected for that reason. The last paragraph embraces claims to which the requirements of the affidavit recited in the first paragraph have no application. It is general, and includes *any claim or demand not presented to the council,* and, in addition, any claim upon contract *presented, but not accompanied with the affidavit* provided for in the first paragraph. In other words, it recognizes a class of claims which are not susceptible of verification in the manner prescribed, and requires all such claims to be presented, and then refers to claims growing out of contract, and requires that they be verified in the manner provided in the preceding paragraph. The second paragraph in the Adrian charter refers only to claims "verified as aforesaid;" and this Court, in the Lay case, held that a claim for injuries occasioned by a defective highway was not susceptible of verification according to the requirements of the first paragraph, and was therefore not within the . contemplation of the section. In other words, the Court held that the requirements of the affidavit which should accompany any and all claims indicated the character of the claims to which the section applied.

*City of Detroit v. Michigan Paving Co.,* 38 Mich. 358, was an action founded upon a tort, where plaintiff had waived the tort and brought *assumpsit;* and this Court has in that case, it seems to me, construed this section as embracing all classes of claims against the city. Chief Justice CAMPBELL there says:

" By section 25, chap. 4, of the city charter of Detroit [which is compiler's section 86 of the present charter, and

the one here involved], all claims against the city are required to be presented to the council for audit or allowance, *accompanied by affidavit in case of contract."*

What is stated in that case as to the propriety of such a provision and the design of the statute is equally applicable to the present case.

In *O'Neil v. City of Detroit,* 50 Mich. 133, which was an action for injuries occasioned by a defective street, while it was held that this question had not been raised in the court below, the case of *City of Detroit v. Michigan Paving Co.* was cited. Similar provisions have been held to apply to claims for the refunding of illegal taxes. *Louden v. East Saginaw,* 41 Mich. 18; *Mead v. City of Lansing,* 56 Id. 601; *Crittenden v. City of Mt. Clemens,* 86 Id. 220; *Whitney v. City of Port Huron,* 88 Id. 268.

It seems to me, therefore, that our own Court has settled this question in favor of the contention made by defendant, and that the judgment should be reversed, and a new trial granted.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. McGRATH, C. J., did not sit.