MACKIE *v.* CITY OF WEST BAY CITY.

1. DEFECTIVE SIDEWALK—CONTRIBUTORY NEGLIGENCE.

Where, in an action for injuries received by stepping into a hole in a sidewalk, it appears that the accident occurred in broad daylight, that the defect was plainly visible, and that plaintiff had been accustomed to pass the place at least once a week, and had never noticed the defect, which according to her theory was of long standing, the question of her contributory negligence should be submitted to the jury, although she further testifies that she was exercising ordinary care and caution, and walking quietly along the street.

2. MUNICIPAL CORPORATIONS—PERSONAL INJURIES—PRESENTATION
    OF CLAIM TO COUNCIL.

    A charter provision to the effect that no action shall be sustain-
    able upon any claim against the city unless an itemized state-
    ment thereof, duly verified, shall have first been presented to
    the council for allowance, has no application to a claim for
    personal injuries resulting from a defective highway. *Lay* v.
    *City of Adrian*, 75 Mich. 438, followed.

Error to Bay; Maxwell, **J.**  Submitted June 13, 1895.
Decided July 9, 1895.

Case by Annie Mackie against the city of West Bay
City for personal injuries.  From a judgment for plain-
tiff, defendant brings error.  Reversed.

*G. H. Francis*, for appellant.

*Lee E. Joslyn*, for appellee.

HOOKER, J.  The plaintiff was injured by a fall upon
defendant's sidewalk, occasioned by stepping into a hole
in the walk.  This hole consisted of an opening caused
by the breaking of a large piece from one of the boards.
It was four or five inches wide, and somewhat longer.
The court directed a verdict for the plaintiff, against the
request of the defendant's counsel, who claimed that at
the least the question of contributory negligence was for
the jury.  The court said that, inasmuch as the plaintiff's
declaration alleged that she was passing along the street
in a careful manner, he should refuse to instruct the jury,
as requested, that she was guilty of contributory negli-
gence.

We think that the defendant was not entitled to have
this request given, for the most that can be said is that
contributory negligence was a question for the jury.  We
think, however, that this question should have been left
to the jury; for, while the plaintiff testified that she was
"walking along the street, exercising ordinary care and
caution, walking along just quietly, as women ordinarily
walk on their way to church, and her foot went down

through a hole in the board," etc., there was testimony showing that this occurred in broad daylight, and that she passed the place every Sunday, and had never noticed this defect; while by other witnesses she proved it to have been of long standing. Unless some excuse is given for a failure to see a large and plainly visible hole in a sidewalk in daylight, there is ground for the claim that the person injured is heedless; and it would be competent for a jury so to find, although the defendant offered no further evidence of negligence. She alleged in her declaration that she exercised proper care, *i. e.*, was not negligent; yet she shows circumstances which are consistent with a want of care. The most that can be said for her testimony is that it authorized her to go to the jury upon that question. It was not sufficient to justify a verdict by direction.

It is unnecessary to discuss the other questions in the case, except to say that under the charter[1] it was unnecessary for plaintiff to file a verified claim with the council before bringing action. *Lay* v. *City of Adrian*, 75 Mich. 438.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.

---

[1] Act No. 307, tit. 4, § 17, Local Acts 1885.