SPRINGER *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—CLAIM FOR PERSONAL INJURIES—
    PRESENTATION—LIMITATION OF ACTIONS.
      A city cannot set up as a defense to an action for personal
        injuries that the plaintiff has not brought himself within an
        amendment of its charter requiring "existing causes of
        action" to be prosecuted within a specified time after the
        amendment takes effect, where, by other provisions of the
        charter, it is made a sufficient defense to any such action that
        it was brought before the common council had a reasonable
        time to investigate and pass upon the claim, and the delay in
        the particular case was occasioned by the investigations on
        the part of the council.

2. SAME—ESTOPPEL.
      In such case the council will be assumed to have placed its
        own interpretation upon what constituted a reasonable time
        in view of the circumstances, and the city is estopped to con-
        tend that, because of its action in so prolonging its investiga-
        tions, suit might have been maintained by the plaintiff upon
        his claim before the council had finally passed upon it.

Error to Wayne; Carpenter, J.    Submitted June 15,
1898.    Decided July 18, 1898.

Case by Matilda L. Springer against the city of Detroit
for personal injuries.    From a judgment for plaintiff,
defendant brings error.    Affirmed.

*Charles Flowers* and *C. D. Joslyn*, for appellant.

*Edward S. Grece* and *C. H. Freeman*, for appellee.

MOORE, J.    The plaintiff recovered a judgment for
damages because of injuries received upon a defective
sidewalk.    The defendant appeals the case here, and con-
tends the statute of limitations had run against the claim.
Some time ago plaintiff sued the city, and the case was
heard in this court.    It is the case of *Springer* v. *City of*

*Detroit*, 102 Mich. 300. At that time no verified claim had been presented against the city before the suit was brought. There was a charter provision requiring such claim to be presented, and it was provided:

"It shall be a sufficient bar and answer to any action or proceeding in any court for the collection of any demand or claim against said city that it has never been presented to the common council for audit or allowance, or, if on contract, that it was presented without said affidavit, and rejected for that reason, or that the action or proceeding was brought before the common council had a reasonable time to investigate and pass upon it." Charter of Detroit, chap. 5, § 17.

It was held the presentation of the claim to the council was a condition precedent to bringing a suit to recover. The decision was rendered in October, 1894.

The record shows the plaintiff presented her claim for the injury alleged in the declaration in this cause, to the common council of the defendant, for audit and allowance, in November, 1894, and from time to time testimony was duly presented as to such claim; and such claim was considered by the common council committee on claims and accounts from time to time, a final hearing being had on March 3, 1896, on which day the testimony was presented to such committee in full, and the matter was then submitted for their determination. On May 12, 1896, the committee reported to the common council a disallowance of the claim, which report was accepted and adopted. This suit was begun on the 18th day of June, 1896. The court charged the jury that the action was not barred by the statute of limitations.

The charter of the city of Detroit was amended by adding section 46, which reads as follows:

"No action shall be brought against said city, nor any of its boards, commissions, or officers, for any negligent injury, unless it be commenced within one year from the time the injury was received, nor unless notice shall be given in writing, within three months from the time of such injury, to the head of the law department, or to his

chief assistant, of the time, place, and cause of such injury, and of the nature thereof. The provisions of this section shall not be a bar to a suit for any injury for which there is now a lawful cause of action, but for every such injury suit shall be commenced within six months from the time when this act shall take effect." Act No. 463, Local Acts 1895.

This amendment took effect September 1, 1895.

It is by virtue of this section it is urged the statute of limitations has cut off the right of action. It is said on the part of the city that, even though the claim is pending and undecided before the council, the plaintiff must bring her suit within six months after the amendment took effect, or lose her right of recovery. We have already quoted the charter provision which was construed in *Springer* v. *City of Detroit, supra,* where it was held no action or proceeding could be maintained until the verified statement had been presented to the council. The same provision gives the common council a reasonable time in which to investigate the claim and to pass upon it. It is evident there could be no lawful cause of action until these conditions had been complied with. Who shall say what constitutes a reasonable time? In a small town, where there would be only an occasional case of this character, and the witnesses would be accessible, much less time might be a reasonable time than in a large town, where there were many claims to be investigated, and where the witnesses were scattered, or, as in this case, four years had elapsed after the alleged injury before the investigation was entered upon. There is nothing to indicate but the investigation was pursued in good faith, and that the delays were at the request of the city itself. It does appear affirmatively that there was a full hearing of the claim before the committee after the six months had expired, and that some days thereafter the committee reported to the council a disallowance of said claim, which report was adopted by the council. The committee and the council, by their acts, have placed their interpretation

upon what in this case, with its surroundings and circumstances, was a reasonable time. The plaintiff acted upon their interpretation, and presented her witnesses before the committee. We do not think now, when the action of the city has carried the claim beyond six months after the amendment took effect, it can be said by the city a lawful cause of action existed until the council acted upon the investigation made. The plaintiff might have urged the council were delaying beyond a reasonable time; but the council cannot be heard to say that, though they were acting, they were not acting within a reasonable time, and therefore the action cannot be maintained.

In *Westchester Fire Ins. Co.* v. *Dodge*, 44 Mich. 420, it is said a claim under a fire-insurance policy does not mature until the company has decided whether it will exercise the right to rebuild, if such a right is reserved. In this case it is also held that, where the proofs of loss were furnished within a reasonable time before the end of the period fixed in the policy for bringing suit, the right to sue cannot be cut off by the company withholding its decision upon the proofs until that period has expired, even though the time allowed for examining the proofs would have consumed it.

In the case of *Voorheis* v. *People's Mutual Benefit Society*, 91 Mich. 469, there was a provision in the policy that no suit should be sustainable in any court unless the suit was commenced within nine months after the death of the person. The suit was not brought until after the nine months had expired. The delay had been caused by negotiations looking to a settlement. In disposing of the case this language was used:

" The time limited for the commencement of the action could not commence to run until after the cause of action accrued, and the action did not accrue until after the furnishing of the proofs of loss. But beyond this time it was extended by the negotiations for settlement, and overtures made by the defendant company looking to a settlement. The company could not delay the party entitled to bring suit, by promises of payment and overtures for settlement,

beyond the period fixed for bringing the suit, and then set up in its defense that the action was not brought within the limit of time stated in the contract."

We have already seen there was no lawful cause of action, within the meaning of the statute, until a verified claim had been presented to the council, and a reasonable time given them to investigate, and decide what the city would do. Both parties treated the investigation as though made within a reasonable time, and, as the delay was caused by the investigation, the city cannot set it up as a defense in this action.

Judgment is affirmed.

The other Justices concurred.