CLARK v. VILLAGE OF DAVISON.

1. MUNICIPAL CORPORATIONS — CLAIM FOR PERSONAL INJURIES — VERIFIED STATEMENT—WAIVER—AGREEMENT TO ARBITRATE.

    Presentation to the common council of a village of a verified statement of claim for personal injuries, required by Act No. 3, Pub. Acts 1895, chap. 5, § 7, before suit can be maintained therefor, is not waived by the council's agreeing to arbitrate, if the person injured refuses to proceed under the arbitration agreement.

2. SAME—PLEADING—GENERAL ISSUE.

    In an action against a village for personal injuries, the defense that plaintiff failed to present a verified claim to the village council before commencing suit, as required by Act No. 3, Pub. Acts 1895, chap. 5, § 7, may be asserted under the plea of the general issue.

Error to Genesee; Wisner, J.  Submitted October 4, 1898.  Decided November 1, 1898.

Case by William H. Clark against the village of Davison for personal injuries.  From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*Black & Brown* (*Heims & Martin*, of counsel), for appellant.

*Ed. S. Lee* (*James S. Parker*, of counsel), for appellee.

LONG, J.  This action was brought to recover for injuries received on a defective sidewalk.  Defendant pleaded the general issue to the declaration filed in the cause.  The injury occurred on October 20, 1897, and the suit was commenced on December 6th thereafter.  After the plaintiff was sworn in his own behalf on the trial, counsel for defendant objected to any evidence being given in the case, for the reason that the declaration did not set out that the claim made by plaintiff was ever presented to the village council prior to bringing suit.  The record is silent as to what disposition the court made of this motion; but the plaintiff was permitted to proceed with his proofs, from which it appeared that on October 20, 1897, while he was passing along the walk on Second street, in the village, he stepped with his right foot on the end of a plank in the walk, when the other end rose up, catching his left foot, and throwing him to the ground, severely injuring his left knee; that, the next morning after the injury, he sent for two members of the council, who were members of the sidewalk committee; that they came to see him, and examined his knee; and that, on November 10th following, a resolution was unanimously carried by the common council of the village, as follows:

"Moved by trustee Hurd that the president and clerk consult with Mr. William H. Clark in regard to injuries claimed by him to have been received in a fall upon a de-

fective sidewalk in the village of Davison, and obtain the consent to settle said claim, provided such claim is proven; such settlement to be made with the village of Davison by a board of arbitration, and entering into bonds for said settlement."

It appeared, further, that the president and clerk of the village called on plaintiff thereafter, and an agreement to arbitrate was entered into, and signed by the parties; that a bond was also drawn up to be signed, and the arbitrators were agreed upon; that plaintiff failed to procure a surety on the bond; that the time was set for the arbitrators to meet, but that they failed to meet at the time fixed; that an agreement was then made to arbitrate without plaintiff's giving a bond; that thereafter plaintiff refused to arbitrate, and notified the members of the council that he should take the matter into court. It also appeared that the plaintiff failed to file any verified statement of his demand with the council, as required by Act No. 3, Pub. Acts 1895. Thereupon the court directed the verdict in favor of defendant.

Plaintiff now contends:

1. That the action of the council in passing the resolution to settle the matter by arbitration, and the agreement entered into to arbitrate, amounted to a waiver of the right to have a verified statement of the demand from the plaintiff, or, at least, that it was a question for the determination of the jury whether the action taken amounted to a waiver of that right.

2. That the defendant, having pleaded the general issue, without setting forth any notice that it would insist on the trial that the notice was necessary, waived this defense.

Section 7 of chapter 5 of the village act of 1895, above referred to, provides:

"It shall be a sufficient defense in any court to any action or proceeding for the collection of any demand or claim against the village, for personal injuries or otherwise, that it has never been presented, certified to or verified as aforesaid, to the council for allowance."

The preceding portion of the same section provides:

"The council shall audit and allow all accounts chargeable against the village; but no account or claim or contract shall be received for audit or allowance unless it shall be accompanied with a certificate of an officer of the corporation, or an affidavit of the person rendering it, to the effect that he verily believes that the services therein charged have been actually performed or the property delivered for the village, that the sums charged therefor are reasonable and just, and that, to the best of his knowledge and belief, no set-off exists nor payment has been made on account thereof; except such as are indorsed or referred to in such account or claim; and every such account shall exhibit in detail all the items making up the amount claimed, and the true date of each."

It will be noticed that this section of the statute is almost identical with section 20, chap. 8, Act No. 215, Pub. Acts 1895, which is cited and construed in *Griswold* v. *City of Ludington*, 116 Mich. 411. In that case it was held that—

"It is the evident intent of the legislature, by these sections of the charter, to compel all parties having claims against a city to make a statement of the claim under oath, or to obtain the certificate of an officer of the corporation certifying to the correctness of the claim; and, until this is done, no action can be commenced or maintained."

The provisions of a similar charter were passed upon in the case of *Springer* v. *City of Detroit*, 102 Mich. 300. In that case the declaration did not contain any allegation that the claim had been presented to the common council, and the proofs disclosed the fact that none had ever been so presented. The plaintiff having recovered below, the judgment was reversed in this court, and a new trial awarded.

But counsel contend, as we have stated, that these provisions of the statute have been waived by the village authorities. It is claimed that the case falls within *Canfield* v. *City of Jackson*, 112 Mich. 120; that as good cause exists here for holding that the provisions of the statute

have been waived as in that case. But in the *Canfield Case* no claim was made under the statute by the defendant until after verdict and judgment, and then only on motion for new trial, which this court held to be too late. That case was not like the present; nor is it like the case of *Germaine* v. *City of Muskegon*, 105 Mich. 213, where the claim was not rejected for the reason it was not properly verified; nor *Griswold* v. *City of Ludington*, *supra*. Here the parties proposed to submit to arbitration. The village stood ready to try the case in that way, even without the plaintiff's giving the bond which was first agreed to be given by him. Arbitrators were agreed upon, when the plaintiff refused to go on, and soon thereafter commenced this suit. It is difficult to understand how, under these facts, it can be claimed that the village council waived the provisions of this act. If the arbitration had taken place without the village authorities insisting upon the verified claim being filed, the case would have undoubtedly fallen within the rule of *Canfield* v. *City of Jackson*, *supra;* but the plaintiff himself put a stop to these proceedings, and commenced his suit within 47 days after the injuries were received, without filing a sworn statement. Under these circumstances, the court very properly held that there was no evidence to be submitted to the jury on the question of waiver.

The second point made—that is, that the plea contained no notice of statutory defense—has no force whatever. This fact can be shown under the plea of the general issue. This requirement of the statute is for the benefit of the village, and is a matter which may be used by it by way of defense. *Wright* v. *Village of Portland, ante,* 23.

The judgment below must be affirmed.

The other Justices concurred.