CRAWFORD *v.* ROSS.

MUNICIPAL CORPORATIONS — TITLE TO LANDS — ADVERSE POSSESSION—CONSTITUTIONAL LAW.

Section 129 of the charter of Ann Arbor ( Act No. 331, Local Acts 1889 ), providing that no person shall be deemed to have gained any title, as against the city, by lapse of time, to any street, lane, alley, common, or public square theretofore laid out or platted, or to any part thereof, by reason of any en_croachment on or inclosure of the same, is within the object expressed in the title to the act ( viz., "An act to reincorporate the city of Ann Arbor, revise the charter of said city, and repeal all conflicting acts relating thereto"), and is valid legislation, operating to preclude the acquiring of title to the lands therein mentioned, as against the city, by adverse possession.

Error to Washtenaw; Kinne, J.   Submitted February 15, 1901.  Decided May 21, 1901.

Trespass *quare clausum fregit* by Kate L. Crawford against Daniel Ross.   From a judgment for plaintiff, defendant brings error.   Reversed.

The court instructed the jury, among other things, that if they should find that the fence along the street in question had stood and been maintained at the point and on the line where it stood at the date of the alleged trespass for the full period of 15 years next before the trespass, that the plaintiff and her predecessors in ownership had occupied the land up to the fence during such period, and that such possession on her part had been adverse, continuous, open, and hostile, then the plaintiff had established her title to the land up to the fence by adverse possession.

*E. B. Norris,* for appellant.

*Frank E. Jones,* for appellee.

MONTGOMERY, C. J.   The defendant is street commissioner of the city of Ann Arbor, and as such entered upon the *locus in quo* with the purpose of improving it, claiming it to be a part of one of the streets of the city. The land in controversy is a strip seven feet in width, which had been fenced in by the plaintiff.   The defendant, acting as street commissioner, removed this fence and entered upon the work of filling in and grading the ground.   The plaintiff then instituted this action of trespass *quare clausum.*

It was claimed on the part of defendant (and there was testimony tending to support this claim) that the true line of the street, as laid out, passed seven feet east of the fence which plaintiff had erected.   Plaintiff claimed that the statute of limitations had run against the city.   The charter of the city of Ann Arbor contains a provision as follows:

"No person shall be deemed to have gained any title, as against the city, by lapse of time, to any street, lane,

alley, common, or public square heretofore laid out or platted by the proprietors of said city, or any part thereof, by reason of encroachment or inclosure of the same." Act No. 331, Local Acts 1889, § 129.

This provision, in substance, was enacted before the last amendment to the statute of limitations, and has been re-enacted at least three times since the general statute was last amended.

We are not advised as to the grounds upon which the learned circuit judge treated this charter provision as inoperative, nor are we referred by counsel to any authority which sustains the instruction given. It is true, reference is made to the constitutional provision that private property shall not be taken for public use without due compensation, and to the fourteenth amendment of the United States Constitution, that no State shall deprive any person of life, liberty, or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws. But we are not able to see the pertinency of these references. The legislative intent is clear enough, and the subject of the regulation of streets and of the property in streets is not foreign to the general purposes of a city charter. This act does not purport to take from the owner of private property property which vests in him. It, in effect, simply declares that property of the city shall not be acquired without compensation; that is to say, that owners of adjacent property may not, by fencing in a portion of the street, deprive the city of its ownership. The converse of this proposition has been before the court in at least two cases. In *Springer* v. *City of Detroit*, 118 Mich. 69 (76 N. W. 122), a special statute of limitations, limiting actions against the city, was treated as valid. Such a provision was held to be within the general title of an act to amend an act entitled "An act to provide a charter," etc. *City of Detroit* v. *Wayne Circuit Judge*, 112 Mich. 317 (70 N. W. 894). See, also, *Renackowsky* v. *Board of Water Com'rs*, 122 Mich. 613 (81 N. W. 581). We think it was competent for the

legislature to provide in this charter that the title of the city to its public streets should not be devested by encroachments, and that the instruction of the learned circuit judge was erroneous.

Judgment reversed, and a new trial ordered.

The other Justices concurred.