### WHEELER *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS — NEGLIGENT INJURIES — CLAIM FOR COMPENSATION—SECONDARY EVIDENCE.

     Where, in an action against a city for negligent injuries, plaintiff's witness testified that he presented her petition for compensation to the city clerk, that he afterwards applied to the clerk for the petition, and that neither the clerk nor the witness was able to find it among the files, parol evidence of the contents of the petition was admissible, though no formal notice to produce it had been given.

2. SAME—SUFFICIENCY OF NOTICE TO CITY.

     Under a statute requiring notice to be given to a city of "the time, place, and cause" of an injury for which damages are claimed, a notice stating that claimant was injured by stepping into a hole in a sidewalk " on the east side of F. street, between L. and P. streets," is sufficiently definite as to locality, where received and acted on by the council without objection.

3. Courts—Judicial Notice—Public Highways.
　A court may take judicial notice that a designated street in a
　city where it presides is a public highway.

4. Trial—Remarks of Counsel—Appeal.
　An exception to the remarks of counsel in addressing the jury
　will not be considered on appeal where the attention of the
　trial court was not called to the language complained of.

Error to Wayne; Waite, J. Submitted April 17, 1901.
Decided July 2, 1901.

Case by Ethel Wheeler, an infant, by next friend,
against the city of Detroit, for personal injuries. From
a judgment for plaintiff, defendant brings error. Af-
firmed.

*P. J. M. Hally* ( *T. E. Tarsney*, of counsel ), for ap-
pellant.

*Frederic T. Harward*, for appellee.

Hooker, J. The defendant has appealed from a ver-
dict and judgment rendered against it in an action for
negligence. The plaintiff, a young woman, is alleged to
have stepped into a hole in the sidewalk upon one of the
streets of the city, existing by reason of the loosening or
removal of one or more of the boards of which the walk
was constructed.

Under the provisions of the charter, it was essential
that a claim should be presented to the common council
before suit. See Detroit City Charter, § 86; *Springer* v.
*City of Detroit*, 102 Mich. 302, 118 Mich. 69 ( 60 N. W.
688, 76 N. W. 122 ). Proof of the presentation of a
notice to the law department of the city was made. This
described the accident as occurring while she was walking
on the sidewalk on the east side of Fifteenth street, be-
tween Linden and Poplar streets. It is claimed that this
description of the place was not sufficiently definite. The
records of the common council were offered, and showed
that a petition was presented by Charles. G. Wheeler, on

behalf of Ethel Wheeler, for 'compensation for injuries suffered through a fall upon a defective sidewalk; that a committee reported that there was no legal liability, and a recommendation that compensation be denied, which report was accepted and adopted. It was objected that the petition referred to in these proceedings was not produced by the plaintiff. Thereupon it was shown that a petition was presented to the city clerk, that the clerk looked through his files in the witness' presence, and that he looked, and they could not find it. It was contended that this did not warrant secondary evidence of the contents of the petition. We think the testimony was competent. The paper was traced to the city, and, though no formal notice to produce it was given, application was made to the proper custodian, who was unable to produce it. Had a formal notice been given at the time of the trial, it would have been sufficient, subject to a reasonable delay, if, in the opinion of the court, one was required. The offer of the proof was tantamount to a notice, under the circumstances. There was no claim of surprise, or intimation that time was desired to contradict this proof. We think, also, that it was competent to permit the jury to find that the petition referred to this claim.

A more important question relates to the description of the place. We have recently held that, under the circumstances of the case, a limitation of the place to a point in front of a lot in a certain block was sufficient. Here the statement is that it is on a walk on the east side of Fifteenth street, between two other streets; hence, within a distance of not less than a block,—possibly many blocks. But presumptions are in favor of the validity of the action of the trial court, who might lawfully take judicial notice that these were public streets. *Porter* v. *Waring*, 69 N. Y. 250. If, therefore, we conclude that this was a limitation to one block, is that sufficiently definite ? In the recent case of *Brown* v. *City of Owosso*, 126 Mich. 91 (85 N. W. 256 ), we held that it was not the object of the lawmakers to require technical accuracy in a notice, and that

one which fairly apprised the council of the required facts was sufficient, where it was accepted and acted upon without objection. We think the present case is fairly within the rule laid down, as it appears that the council did not ask for more specific information, but, by its consideration of the claim, allowed the plaintiff to infer that it was satisfactory.

Complaint is made of the language of the circuit judge in excluding certain testimony. The defendant's counsel sought to show by a truant officer that the girl was out nights, and by a physician that she had other ailments, and the judge evidently thought it an attempt to disparage her character. If it be thought that the judicial equilibrium was slightly disturbed, the effect of the offer, if intended to introduce such an element into the case, was well calculated to induce it, for the testimony was not admissible for such a purpose. It is now contended that the offer had another object; but we do not discover that counsel apprised the trial court of such object. Had he done so, the court would doubtless have given full consideration to the question raised.

The record shows the following:

" During the opening argument of plaintiff's counsel to the jury, defendant's counsel took exception to the following remarks: ' *Mr. Harward:* This crowd of detectives here for the city would as soon besmirch the reputation of a girl or woman, if they could thereby win a verdict. They have brought in here everything which they could find to blacken her reputation, and then they couldn't prove anything.' This exception was noted without the court's ruling upon the remark."

It is said in plaintiff's brief, and not contradicted by the supplemental brief of the defendant, that the judge's attention was not called to these remarks, and the exception was noted without taking the ruling of the court. If this is so, the defendant is in no situation to raise the point. *Bedford* v. *Penney,* 65 Mich. 669 ( 32 N. W. 888 ); *Henry C. Hart Manfg. Co.* v. *Mann's Boudoir Car Co.,* 65 Mich. 565 ( 32 N. W. 820 ).

Several other points are raised, but we think none of them require discussion. We find no error, and the judgment is therefore affirmed.

MONTGOMERY, C. J., MOORE and LONG, JJ., concurred. GRANT, J., took no part in the decision.