## POLLARD *v.* CITY OF CADILLAC.

MUNICIPAL CORPORATIONS — ACTIONS AGAINST — PRESENTATION OF CLAIM TO COUNCIL.

A provision of a city charter making it a sufficient defense to an action for the collection of any demand or claim against the city, that it has never been presented to the council for allowance, does not apply to actions *ex delicto*,—*e. g.*, an action for flooding premises through the clogging of a sewer.

Error to Wexford; Chittenden, J. Submitted April 10, 1903. (Docket No. 34). Decided June 23, 1903.

Case by James C. Pollard against the city of Cadillac for flooding plaintiff's premises. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

*U. S. Albertson*, for appellant.

*Fred S. Lamb*, for appellee.

HOOKER, C. J. The defendant, a city, was sued for damages occasioned by flooding plaintiff's premises with filth from the clogging of its sewer. The court directed a

verdict for the defendant upon the ground that the claim had not been presented to the council before the action was begun, under the following provisions of the charter of the city, viz.:

"The council shall audit and allow all accounts chargeable against the city; but no account or claim or contract shall be received for audit or allowance unless it shall be accompanied with an affidavit of the person rendering it to the effect that he verily believes that the services or property therein charged have been actually performed or delivered for the city, that the sums charged therefor are reasonable and just, and that, to the best of his knowledge and belief, no set-off exists nor payment has been made on account thereof, except such as are indorsed or referred to in such account or claim. And every such account shall exhibit in detail all the items making up the amount claimed, and the true date of each. It shall be a sufficient defense in any court, to any action or proceeding for the collection of any demand or claim against the city, that it has never been presented, verified as aforesaid, to the council for allowance; or that the claim was presented without the affidavit aforesaid, and rejected for that reason; or that the action or proceeding was brought before the council had a reasonable time to investigate and pass upon it." [1]

The case is ruled by *Lay* v. *City of Adrian*, 75 Mich. 438 (42 N. W. 959), and *Mackie* v. *City of West Bay City*, 106 Mich. 242 (64 N. W. 25). It is urged that injuries to land are expressly excepted from the rule by the opinion in the former case, which says:

"None of them were claims made for personal injury. They were actions in *assumpsit*. The first was brought to recover for a quantity of sand it was alleged the city of Detroit had received and not paid for; and the last two, to recover for alleged illegal taxes paid under protest.

"I do not think the statute was ever intended to apply to claims of the character of that in the present suit, but to those arising out of contract, express or implied, or for injury to property, real or personal, where the amount claimed may be computed, after the facts are established, by some fixed rules or mode of computation."

---

[1] 1 How. Stat. § 2528; Act No. 429, tit. 10, § 2, Local Acts 1895.

This language was used, but doubtless it was from an indisposition to pass upon a case not then before the court. Such cases are clearly within the principle of the cases cited.    The case of *Snyder* v. *City of Albion*, 113 Mich. 275 (71 N. W. 475), draws no such distinction, but apparently excepts all actions *ex delicto* from the effect of a similar statute.    We think this the correct interpretation of the charter before us.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.