HAWLEY *v.* VILLAGE OF SARANAC.

MUNICIPAL CORPORATIONS—PERSONAL INJURIES—NOTICE OF CLAIM
—VERIFICATION.

Plaintiff who filed with the village clerk, within the proper time, an unsworn notice which complied with the other provisions of 1 Comp. Laws, § 2775, and who later, within 60 days, filed a verified statement of the items of damage sustained by her, complied substantially with 1 Comp. Laws, §§ 2754, 2775, requiring a sworn claim, and notice of the time, place, manner, and extent of her injuries.

Error to Ionia; Davis, J. Submitted April 15, 1909. (Docket No. 63.) Decided May 26, 1909.

Case by Lettie Hawley against the village of Saranac

for personal injuries. A judgment for plaintiff is reviewed by defendant on writ of error. Affirmed.

*Charles L. Wilson* and *Scully & Davis*, for appellant.

*J. Clyde Watt* and *R. A. Hawley*, for appellee.

BROOKE, J.    Plaintiff brought suit against the defendant village for an injury claimed to have been received by her upon a defective sidewalk on the 1st day of November, 1906.    She served the following notice upon the defendant village:

"NOTICE OF CLAIM.

"Filed in pursuance of the provisions of section 2775 of the Compiled Laws of 1897 of the State of Michigan as amended.

"STATE OF MICHIGAN,    ⎰ ss. :
"County of Ionia, Village of Saranac ⎱

"TO THE CLERK OF THE VILLAGE OF SARANAC, AS AFORESAID.

"*Dear Sir:* Please to take notice that I intend to hold the said village of Saranac liable for the damages sustained by me by reason of injuries to my person because of the negligence of said village as set forth substantially in the statement herewith presented, under the provisions of said section above mentioned, therein also setting forth substantially the time when and the place where such injury took place, the manner in which it occurred, and the extent of such injury, so far as known, the amount of damage for such negligence, and injury to be hereafter filed with the common council of said village in accordance with the provisions of section 2754 of the Compiled Laws of 1897, State of Michigan.

"Dated this 19th day of November, A. D. 1906.

"Respectfully submitted,

"LETTIE HAWLEY, Claimant.

"In accordance with the above notice, the said Lettie Hawley, of the village of Saranac aforesaid, hereby presents to the council of said village her statement showing the time, place, manner, and extent of her injuries as far as known, as follows:

"That on the 1st day of November, A. D. 1906, she,

the said Lettie Hawley, in company with others, was walking westward upon the public sidewalks of said village, to wit, the sidewalk abutting upon and situated on the south side of lot No. 47, owned by Mrs. Smoke, on the northwest corner of Mill and Vosper streets, in said village, and it then and there and previously became and was the duty of said village to have said walk reasonably safe and convenient for public travel, and the said sidewalk was under the care and control of the said village and the same was open to public travel; that said sidewalk was unsafe for public travel; that said village had knowledge that the said sidewalk was not reasonably safe for public travel, and had previously served notice upon the owner of the premises abutting upon said walk to rebuild the same; that the said village had sufficient notice that the said sidewalk had not been rebuilt, but had negligently failed to cause the same to be repaired or rebuilt, so that the sidewalk would be reasonably safe for pedestrians and for public travel after said village had had reasonable opportunity so to do, and because of such neglect the said Lettie Hawley while walking along said sidewalk, in the darkness of the evening, to wit, about the hour of 11 :30 o'clock p.m., when within about 30 feet from the west end of said sidewalk, and without carelessness or negligence upon her part, was tripped by a loose plank, and thrown to the ground. And because thereof, and the negligence of said village as aforesaid in not constructing or repairing said sidewalk after notice that the same was not safe for public travel, and after having a reasonable opportunity so to do, the said Lettie Hawley then and there became and was greatly hurt, bruised, wounded, the ligaments of the right shoulder ruptured, causing this claimant to become sick and sore, lame, and disordered, and will so continue for a long space of time.

"And also because of said negligence the said Lettie Hawley has been compelled to pay and has incurred an indebtedness, and will be obliged to pay in the future large sums of money to defray the expense in the employment of a physician. And also because of the negligence aforesaid on the part of the said village the said Lettie Hawley has been since the said 1st day of November, and will for some time in the future be, unable to perform her duties and resume her employment. And also, by reason of the negligence of the village as above said, the claimant, Lettie Hawley, has suffered, and will continue to

suffer, great bodily pain and anguish. And your claimant, Lettie Hawley, further gives notice that, as soon as she is able to ascertain and determine the extent of her injuries by reason of the negligence of said village as aforesaid, she intends to file with said village council an itemized statement of her claim or account as provided by said section 2754 of the Compiled Laws of 1897.

"LETTIE HAWLEY."

Later plaintiff served a second notice upon the village, as follows:

"VILLAGE OF SARANAC, In account with LETTIE HAWLEY, Dr.

"For damages and injuries sustained by reason of the negligence of the village as fully set forth in the notice of intention to hold said village liable for damages filed with the village clerk of the village of Saranac, aforesaid, on the 22d day of November, A. D. 1906, as follows:

| | | |
|---|---|---|
| '"Dec. 24. | To loss of time from the 1st day of November, 1906, to the 24th day of Dec., 1906, being 7½ weeks at $3.00 per week _____ | $22 50 |
| Dec. 24. | To board during said time at $3.50 per week _____ | 26 25 |
| Dec. 24. | To doctor's bill and expense incurred therefor _____ | 14 50 |
| Dec. 24. | To nursing and care during five weeks of said period at $6.00 per week _____ | 30 00 |
| Dec. 24. | To mental anguish, pain and suffering by reason of the negligence of said village_ | 300 00 |
| Dec. 24. | To future damages, pain and suffering and loss of time by reason of the negligence of said village as aforesaid _____ | 200 00 |
| | Total _____ | $593 25' |

"STATE OF MICHIGAN, ⎱ ss.:
"County of Ionia.  ⎰

"Lettie Hawley, the above-named claimant of the village of Saranac, in said county, being duly sworn, deposes and says that the above account is true and correct; that the sums charged for the damages sustained and the loss incurred as above set forth are reasonable and just, and that to the best of her knowledge no set-off exists nor payment made on account thereof, and that there is now due from said village to this deponent for the injuries sustained

by reason of the negligence of said village as aforesaid, the sum of five hundred ninety-three and $\frac{25}{100}$ (593.25) dollars.

"LETTIE HAWLEY.

"Subscribed and sworn to before me this 24th day of December, A. D. 1906.

"HIRAM T. JOHNSON,

"Notary Public, Ionia Co., Mich.

"My commission expires October 11, 1909."

But one question is raised by the defendant in the case; and that is whether the two notices above quoted are, taken either severally or together, a sufficient compliance with sections 2754 and 2775 of the Compiled Laws of 1897. In construing section 1, chap. 22 (section 3173, 1 Comp. Laws), and its relation to section 20, chap. 8 (section 3081, 1 Comp. Laws), Act No. 215, Pub. Acts 1895, relative to the incorporation of cities of the fourth class, which sections contain substantially the same language as sections 2754, 2775, 1 Comp. Laws, before us in this case, said sections being section 7 of chapter 5, and section 7 of chapter 7, respectively, of Act No. 3, Pub. Acts 1895, relative to the incorporation of villages, this court in the case of *Griswold* v. *City of Ludington*, 116 Mich. 410 (74 N. W. 667), said:

"It will be noticed that the claim was not sworn to or verified in any manner until March 10, 1897, nor is the bill of particulars in any manner verified. Counsel for plaintiff, however, claim that the statute does not require such verification where claim is made for personal injuries. Section 1, chap. 22, provides for the service of notice in writing, setting forth the time when and the place where such injury took place, the manner in which it occurred, and the extent of such injury so far as the same has become known, etc. This section does not in terms require this statement to be verified. The first part of section 20, chap. 8, above quoted, provides that no account or claim or contract shall be received for audit or allowance, unless it shall be accompanied by a certificate of an officer of the corporation, or an affidavit of the person rendering it, etc. So far as this part of this section is

concerned, it may well be said, as held by the court be-
low, that 'the words "account or claim" are not enough
to cover unliquidated claims for personal injuries in
an action *ex delicto*.' *Lay* v. *City of Adrian*, 75
Mich. 443 (42 N. W. 959). But the remaining portion
of that section refers especially to claims 'for personal
injuries or otherwise,' and makes it 'a sufficient
defense in any court to any action or proceeding'
that such claims are not 'certified to or verified as
aforesaid.' I take it that this latter part of section
20 means that claims for personal injuries or otherwise
( that is, all claims) must be certified to or verified as pro-
vided in the former portion of section 20, which has ref-
erence to claims arising out of contracts, either express or
implied. It is the evident intent of the legislature by these
sections of the charter to compel all parties having claims
against a city to make a statement of the claim under
oath, or to obtain the certificate of an officer of the cor-
poration certifying to the correctness of the claim, and,
until this is done, no action can be commenced or main-
tained. It is made a sufficient defense to the action if this
is not done. This question is settled in *Springer* v. *City
of Detroit*, 102 Mich. 300 (60 N. W. 688); *Snyder* v.
*City of Albion*, 113 Mich. 275 (71 N. W. 475); *Selden*
v. *Village of St. Johns*, 114 Mich. 698 (72 N. W. 991).
The claim that the affidavit, as a verification of the claim,
served in March, 1897, was a compliance with the statute,
can have no force. Under section 1, chap. 22, the claim
must be made within 60 days after such injury, and the
verification must accompany the claim. It must, in other
words, be verified or certified and served within 60 days
after the injury."

See, also, *Clark* v. *Village of Davison*, 118 Mich.
420 (76 N. W. 971).

We think that the plaintiff brought her case within the
construction the court has given these two sections. She
gave the notice fully apprising the common council of the
time when, the place where, the manner in which the
accident occurred, and its extent so far as she then knew
it. Later, and within the 60 days limited by statute, she
served a claim upon the council making distinct reference

to her notice, and itemizing, so far as was possible, her damages under the claim, and this claim was duly verified as required by section 2754, 1 Comp. Laws.

The judgment is affirmed.

BLAIR, C. J., and GRANT, MONTGOMERY, and MC-ALVAY, JJ., concurred.